E. COOPER, *et al.*, v. THE DAVIS SEWING MACHINE COMPANY.

1. ANSWER; *Reply; Amended Answer; No Reply; Waiver.* Where a petition is filed and the defendant answers thereto, and the plaintiff replies by a general denial, and afterward the defendant files an amended answer, including the allegations in his first answer, and in addition thereto sets up new matter, and no reply is filed to this amended answer, and the parties go to trial thereon without objection, *held*, that all the allegations of the amended answer are put in issue by the reply of the plaintiff, except the new matter contained in the amended answer; and if a reply by the plaintiff is necessary to the amended answer, the defendant waives such reply by proceeding to trial without objection and as if a reply had been filed.

2. EVIDENCE; *Review in Supreme Court.* Where an objection is made that the amount of recovery is too large, and the judgment not sustained by sufficient evidence, the supreme court will not review the evidence except to ascertain whether some competent evidence was given in support of or tending to establish and maintain the issues upon which judgment was rendered.

*Error from Anderson District Court.*

THE DAVIS SEWING MACHINE COMPANY commenced this action against the defendants, *E. Cooper, Clark Decker,* and *J. C. Renzenberger,* on several promissory notes made by E. Cooper, and also upon the guaranty bond given by all the defendants to guarantee the payment of all indebtedness between defendant Cooper and plaintiff in the sale of goods, and for which these notes were afterward given. The defendants answered, setting up, first, a general denial; second, that the guaranty bond given by them had been taken up, and another guaranty bond given instead. To this answer plaintiff replied by a general denial. Afterward, the defendants filed an amended answer, setting up the same defense as before, and in addition thereto alleged that the plaintiff was in possession of several promissory notes belonging to defendant Cooper, and held as additional security for his indebtedness to the plaintiff, and that plaintiff had collected thereon amounts unknown to the defendants, and asked for an accounting of said collections. No reply was filed to this answer. Afterward, plaintiff commenced another action against the defendants upon several promissory notes given by the defendants to the plaintiff, and also upon a guaranty bond executed by all the defendants to the plaintiff. To this action defendants answered, first, by a general; and second, alleging the possession by plaintiff of several promissory notes belonging to the defendant Cooper, held by the plaintiff as additional security, and that the plaintiff had received thereon sums of money, the amount being unknown to the defendants, and asking for an accounting of said collections. No reply was made to this answer. Afterward, by an order of the district court, these two causes of action were consolidated, and at the September Term, 1885, the cause came on for trial before the court, a jury being waived. A judgment for the plaintiff and against Cooper was rendered for $1,477.27, and against defendants *Decker* and *Renzenberger* on the guaranty bonds for the sum of $1,200. The defendants bring the case here for review.

*Kirk & Schoonover,* for plaintiffs in error.

*Johnson, Poplin & Johnson,* for defendant in error.

Opinion by CLOGSTON, C. : The first question is, what errors are presented by the record ? The motion for a new trial presents but two grounds therefor: First, "the judgment is contrary to law, and is not sustained by sufficient evidence." Second, "in the amount of recovery, the same being too large." Was the judgment contrary to law ? It was founded, first, upon the promissory notes executed by the defendant Cooper, which is not denied; second, upon the guaranty bonds of all the defendants, which bonds guaranteed that Cooper would pay for all merchandise, machines and goods received by him from the plaintiff. The defendants did not claim that the conditions of these bonds were complied with; and upon a breach of the conditions thereof plaintiff had a cause of action. So by the admission of the indebtedness the liability on the bonds was admitted. But plaintiffs in error insist that, as the amended answer to the first suit was not denied by a reply, it must be taken as true. This is the general rule, and if a reply was necessary, then the plaintiffs in error are correct and no judgment should have been rendered upon the bond in the first suit. This answer alleges the taking up of the first bond and the giving of a new one in its stead, which left but one guaranty bond in force upon which the defendants would be liable, and that bond being for only $600. But we think the plaintiffs in error are in error in this claim. The amended answer was denied by the reply filed to the first answer, and in the new answer only such things were admitted as were not included in the first. The allegations in the first answer were the same in regard to the giving of the new bond and the taking up of the old one as in the second. This was controverted by a general denial, which was not withdrawn. This left admitted only that certain notes were held by the plaintiff upon which it had made some collections, and asked for an accounting. This new matter must be taken as true unless denied. (*Brookover v. Esterly,* 12 Kas. 149; *Kuhuke v. Wright,* 22 id. 467.)

The new matter contained in this answer is very indefinite; no description of the notes was given; how many, by whom given, the amount of each, when due, or the probable amount collected thereon; nothing but a general allegation that some notes were held by the plaintiff as collateral security, and that upon these notes some amount had been received. If a reply was necessary, (which we think doubtful,) then such a reply was waived, for no objection was made on the trial to such failure. An accounting was then had as if a reply had been filed. (*Nettcott v. Porter*, 19 Kas. 131, and cases therein cited.)

This leaves but one question: Were the findings and judgment sustained by sufficient evidence, and is the amount of the recovery too large? This question involves a review of the evidence, and after a careful examination we find evidence tending to sustain the judgment of the court upon each and every item set out in plaintiff's petition. This court has often decided that if there is any evidence which tends to sustain the findings and judgment it will not review or reverse a case because a judgment is not sustained by the weight or preponderance of the evidence.

The question, whether a new bond had been given by the defendants on the agreement that the old one was to be taken up and canceled, was a disputed question, and there was strong evidence offered tending to show this fact, and some evidence by the plaintiff to show that it was given to secure plaintiff against loss on the further sales and advances to be made by it to the defendant E. Cooper, and that his indebtedness was largely increased after the giving of this new bond, tending to show that the defendant Cooper, as well as the plaintiff, regarded it as a security for these new advances and new indebtedness; but this question was one of fact, to be determined by the court or jury trying the cause, and we cannot say that the amount of recovery was too large under this evidence.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.