THE FIRST NATIONAL BANK OF HORTON, KANSAS, *Appellee*, v. B. F. ABMEYER, *Appellant*.

No. 16,473.

SYLLABUS BY THE COURT.

FRAUD—*Pleading*—*Waiver*—*Admissions*.   In an action to recover upon a promissory note, by an indorsee against the maker, the answer of the maker was that there was fraud in the inception of the note.   The plaintiff replied denying "each and all of the allegations in said answer contained which are in any way inconsistent or which deny the allegations in plaintiff's petition."   *Held*, that the reply was defective, but as the parties proceeded through two trials as if the reply was sufficient and the fraud alleged in the answer was in issue the defendant is not in a position to insist that the averments of fraud were admitted.

Appeal from Jackson district court; MARSHALL GEPHART, judge.   Opinion filed April 9, 1910.   Affirmed.

*George H. Whitcomb*, and *Clad Hamilton*, for the appellant.

*A. E. Crane*, *E. D. Woodburn*, and *F. T. Woodburn*, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was here for review on a former appeal.   (*Abmeyer v. Bank*, 76 Kan. 877.) At the second trial the bank assumed the burden of showing that it was the owner of the note in suit. Proof of that kind was offered and the note itself was introduced in evidence.   The bank then rested, and, appellant's demurrer to the evidence having been overruled, he declined to produce any testimony, but submitted the case on the evidence introduced on behalf of the bank.   An instruction was asked to the effect that when a note has its inception in fraud the burden is upon the indorsee to show that he acquired it for a valuable consideration and without notice of the fraud, but this was refused, and instead the court directed the

jury that if they found that the bank was the owner of the note their verdict must be in its favor. A verdict in favor of the bank was returned. The contention is that as the pleadings stood it devolved on the bank to prove that it acquired the note in good faith and without notice of the fraud by which it was alleged to have been obtained. It is argued that the averment in the answer that there was fraud in the inception of the note was admitted by the reply, and hence that no right of recovery was shown. In its petition appellee alleged the execution of the note to the payees, a copy of which was set forth, their transfer of the same to Dunn, and his sale and delivery of it before maturity to appellee. There was an allegation that appellant was indebted for the full face value of the paper, and for that amount judgment was asked. The answer, aside from a general denial, pleaded facts indicating that there was fraud in the inception of the note. The reply denied "each and all of the allegations in said answer contained which are in any way inconsistent or which deny the allegations in plaintiff's petition." The reply can not be regarded as a model method of denying averments of a pleading, but in view of the way the case was tried the character of the reply was not very important. The answer set up the fraudulent acts which, if supported by testimony, would show no liability to appellee, and this in a sense is inconsistent with the averment in the petition that appellant was indebted to appellee for the full face value of the note, but in any view the reply was faulty and vulnerable to any proper attack. In neither trial had there been a motion for judgment on the pleadings, and the sufficiency of the reply had never been questioned. On the first trial appellant offered evidence to prove fraud and proceeded as if it was an issue in the case, and the sufficiency of the reply was not challenged in the second trial. Under the circumstances the appellant is not in a position to insist that the fraud was admitted by the reply.

(*Bashor v. Nordyke & Marmon Co.*, 25 Kan. 222; *St. L. & S. F. Rly. Co. v. Dudgeon*, 28 Kan. 283; *Cooper v. Machine Co.*, 37 Kan. 231.)

It is contended that the action of appellee in assuming the burden of proof in the case was a recognition that the burden was upon it to show also that the note was acquired for a valuable consideration and without notice of the fraud. As the petition did not allege that the transfer of the note to appellee was in writing it devolved on it to show that it was the owner of the note. The burden of proof rested on it to that extent, but when it produced the note and offered testimony of ownership it had shown a *prima facie* right to recover. In the absence of proof of fraud that question was no longer in the case, and hence an instruction on the subject was not warranted.

The judgment is affirmed.