## KENTZ v. MOSHER.
### No. 670.

Circuit Court of Appeals, Tenth Circuit.
Jan. 9, 1933.

John M. Keating, of Denver, Colo. (John W. Shireman, of Denver, Colo., on the brief), for appellant.

G. R. Hagens and W. J. Wehrli, both of Casper, Wyo., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

This suit was brought by R. J. Mosher against Fred Kentz and Peter Evanoff to recover a balance of $3,268.75 for labor performed and materials used in drilling and installing an oil well. Plaintiff died prior to the trial, and his administrator was substituted as plaintiff.

The answer was, first a general denial; second, a plea of payment; third, an assignment of the oil from the well (Exhibit B) was taken in satisfaction of plaintiff's demand; and, fourth, damages amounting to $11,500 accrued to defendants from the negligence of Mosher in the insertion of the casing and doing the work.

The reply was, first, a general denial; second, the assignment was intended only as collateral security and credit was duly given the defendants for the oil; and, third, the plaintiff drilled the well and furnished the materials and labor therefor and performed all the terms of the contract. There was added a denial of the averments of the fourth defense.

The defendants demurred to the reply to the third defense. That demurrer was overruled. The case was tried to the court upon a waiver of a jury. The court found in favor of the plaintiff, that his petition was sustained, and that the answer and cross-petition of the defendants were not sustained. Judgment was thereupon entered for the plaintiff. A reversal is sought by defendant Kentz because the said demurrer was overruled and the evidence was insufficient to support the judgment.

The demurrer was properly overruled. The complaint made is that the reply alleged only a legal conclusion, but it was sufficient to allege the ultimate fact that the assignment was given by way of collateral security. The instrument exhibited purports to secure the cost of the well. In terms, it instructed Mosher to sell the oil until repaid for the cost of the well, and in that event the order was to be void. If it was possible to show the instrument was intended as an absolute transfer in satisfaction of the demand for the drilling, this was a matter of proof, and involved a mere question of fact in the evidence.

The remaining assignment based on the alleged erroneous findings is not subject to review on appeal. Where, as in this action at law, a jury is waived, no reversal will lie for errors of fact. Stinson v. Business Men's Accident Association (C. C. A.) 43 F.(2d) 312. There was no motion for judgment or request for a declaration of law, and that omission precludes a consideration of the errors assigned. White v. United States (C. C. A.) 48 F.(2d) 178.

For these reasons, the judgment of the District Court is affirmed.