### DAVIS v. UNITED STATES.
#### No. 838.

Circuit Court of Appeals, Tenth Circuit.

Nov. 27, 1933.

V. R. Dittman, Jr., of Denver, Colo. (S. R. Owens, of Denver, Colo., on the brief), for appellant.

John G. Reid, Asst. U. S. Atty., of Denver, Colo. (Ralph L. Carr, U. S. Atty., and Richard A. Toomey, Atty., Veterans' Administration, both of Denver, Colo., and Davis G. Arnold and Otto T. Englehart, Attys., Veterans' Administration, both of Washington, D. C., on the brief), for the United States.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellant brought this action against the United States to recover on a policy of war risk insurance issued to John William Davis. Trial by jury was duly waived, and the cause tried to the court. Judgment was for the United States.

The court made the following special finding of fact, "That the said John William Davis was not permanently and totally disabled within the terms of his contract of War Risk Insurance involved in this action during the time that said contract of insurance was in

force"; and the following declaration of law, "That the plaintiff herein is not entitled to recover in this action, and that the defendant is entitled to judgment dismissing the plaintiff's complaint at the costs of the said plaintiff."

Following the special findings of fact and declarations of law in the record, there appears a purported general exception thereto, but such exception is not incorporated in the bill of exceptions.

There appears in the record a purported request by appellant for special findings of fact and a declaration of law that appellant is entitled to judgment, but these are not incorporated in the bill of exceptions.

The bill of exceptions contains no challenge by the appellant to the sufficiency of the evidence to support the special findings made by the court, no request for a declaration of law that she is entitled to judgment, and no motion for a judgment in her favor.

By her assignments of error the appellant charges that the court erred in making its findings of fact and conclusions of law and in entering judgment thereon, because they are contrary to the evidence; and that it erred in refusing to make the findings of fact and conclusions of law requested by appellant.

■ A special finding in a jury-waived case becomes a part of the record the same as a special verdict, and the question of its sufficiency to support the judgment arises without contemporaneous objection or exception. Therefore no bill of exceptions is requisite to present it. St. Joseph Stockyards Co. v. United States (C. C. A. 8) 187 F. 104; Chicago, R. I. & P. Ry. Co. v. Barrett (C. C. A. 6) 190 F. 118; Wesson v. Saline County (C. C. A. 7) 73 F. 917.

■ But the sufficiency of the evidence to support the findings must be appropriately raised by motion for judgment, request for declaration of law, or other like motion. White v. United States (C. C. A. 10) 48 F. (2d) 178; Henry H. Cross Co. v. Texhoma O. & R. Co. (C. C. A. 8) 32 F.(2d) 442, 445. Such a motion or request, and the ruling thereon, are not a part of the record proper, and must be presented by a proper bill of exceptions. McPherson v. Cement Gun Co. (C. C. A. 10) 59 F.(2d) 889; Rogers v. United States, 141 U. S. 548, 554, 12 S. Ct. 91, 35 L. Ed. 853; White v. United States, supra, at page 181 of 48 F.(2d), and cases there cited.

After the case was submitted here, the appellant filed a supplemental bill of exceptions, allowed by the trial court, which purports to show a general exception to each of the findings of fact and conclusions of law made by the trial court. This purported supplemental bill of exceptions was allowed after the expiration of the term at which the judgment was made, and there was no standing rule or special order extending the time to allow such supplemental bill of exceptions.

■ It is well settled that where the term at which the judgment appealed from was entered has expired and there is no standing rule or special order extending the same for the purpose of settling the bill of exceptions, the trial court can neither allow a bill of exceptions nor alter or amend a bill of exceptions already allowed. Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162; First Nat. Bank v. Wilder (C. C. A. 8) 100 F. 223; Honey v. Chicago, B. & Q. R. R. Co. (C. C. A. 8) 82 F. 773. The only exception to this rule is where the record by mistake speaks an untruth; in such a case it may be amended to speak the truth. Rollins v. Board of County Com'rs (C. C. A. 8) 78 F. 741. It follows that the supplemental bill of exceptions may not be considered by us.

The errors assigned are not open for review on this record.

The judgment is affirmed.