**GREENWAY v. UNITED STATES.**

No. 878.

Circuit Court of Appeals, Tenth Circuit.

Nov. 27, 1933.

S. R. Owens and Lowell D. Hunt, both of Denver, Colo., for appellant.

Thomas J. Morrissey, U. S. Atty., John G. Reid, Asst. U. S. Atty., and Richard A. Toomey, Atty., Veterans' Administration, all of Denver, Colo., and Davis G. Arnold and John Mock, Attys., Veterans' Administration, both of Washington, D. C., for the United States.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellant brought this action upon a policy of war risk insurance issued to Orie J. Greenway. Trial by jury was duly waived and the cause tried to the court. Judgment was for the United States.

The court made the following special finding of fact, "That said Orie J. Greenway was not totally and permanently disabled within the terms of his contract of War Risk Term Insurance involved in this action during the time that said contract of insurance was in force on or before June 1, 1919, or within the thirty-one (31) day grace period thereafter"; and the following conclusion of law:

"That inasmuch as the proof fails to show that the contract of War Risk Term Insurance sued upon matured under its total and permanent disability clause while it was in force, that plaintiff is not entitled to recover in this action and the Clerk is directed to enter judgment in favor of the defendant dismissing plaintiff's complaint at cost of plaintiff."

In the record proper there appears a purported request of appellant for special findings of fact and conclusions of law, but these are not incorporated in the bill of exceptions, and may not be considered here. Davis v. United States (C. C. A. 10) 67 F.(2d) 737, decided November 27, 1933.

The bill of exceptions recites that the appellant tendered findings of fact, but does not disclose what they were.

The record contains no challenge by appellant to the sufficiency of the evidence to support the findings made by the court, no request for a declaration of law that she is entitled to judgment, and no motion for a judgment in her favor.

True, the bill of exceptions contains the following:

"To which order of the court, in ordering judgment be entered as aforesaid, and to the entering of said judgment, the plaintiff, by her counsel, then and there duly excepted."

But such a general exception is insufficient to present the question of the sufficiency of the evidence to support the special findings. Wear v. Imperial Window Glass Co. (C. C. A. 8) 224 F. 60, 63; Mansfield Hardwood Lbr. Co. v. Horton (C. C. A. 8) 32 F. (2d) 851, 853; Tramel v. United States (C. C. A. 10) 56 F.(2d) 142.

In Wear v. Imperial Window Glass Co., supra, the court said:

"When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Revised Statutes, § 1011 [U. S. Comp. Stat. 1913, § 1672, p. 700 (28 USCA § 879]), and a finding of fact contrary to the weight of the evidence is an error of fact.

"The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial. * * *

"A trial court is entitled to a clear specification by exception of any ruling or rulings which a party challenges and desires to review, to the end that the trial court itself may correct them if so advised, and, if it fails to do so, that there may be a clear record of the rulings and the challenges thereof. For this purpose a rule has been firmly established

that an exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling."

By her assignment of errors, the appellant charges that the court erred in making its findings of fact and conclusions of law, and in entering the judgment, because they are contrary to the evidence. And that it erred in refusing to make the findings of fact and conclusions of law requested by appellant; and, in general terms, that the court erred in the admission of evidence on the cross-examination of certain witnesses.

The assignment of errors going to the sufficiency of the evidence to support the special findings and the judgment, and in refusing to make the findings and conclusions requested, are not open for review on this record. Davis v. United States, supra.

The assignment with respect to the admission of evidence does not comply with Rule 11 of this court, and for that reason will not be considered. Furthermore, the bill of exceptions discloses no objection or exception in the record to the evidence, the admissibility of which is challenged by this assignment.

The judgment is therefore affirmed.