### KOLTON v. UNITED STATES.
#### No. 862.

Circuit Court of Appeals, Tenth Circuit.
Nov. 27, 1933.

Lowell D. Hunt, of Denver, Colo. (S. R. Owens, of Denver, Colo., on the brief), for appellant.

John G. Reid, Asst. U. S. Atty., of Denver, Colo. (Ralph L. Carr, U. S. Atty., and Richard A. Toomey, Atty., Veterans' Administration, both of Denver, Colo., and Davis G. Arnold and Bayless L. Guffy, Attys., Veterans' Administration, both of Washington, D. C., on the brief), for the United States.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellant brought this action against the United States to recover on a policy of war risk insurance issued to him. Trial by jury was duly waived and the cause tried to the court. Judgment was for the United States.

The court made the following special finding of fact, "That said Harry Kolton, plaintiff herein, was not totally and permanently disabled within the terms of his contract of War Risk Term Insurance involved in this action during the time that said contract of insurance was in force"; and the following conclusion of law, "That inasmuch as the proof fails to show that the contract of War Risk Term Insurance sued upon matured under its total and permanent disability clause while it was in force, that plaintiff is not entitled to recover in this action and the Clerk is directed to enter Judgment in favor of the defendant dismissing plaintiff's complaint at the costs of plaintiff."

There appears in the record what purports to be a request by appellant for certain special findings of fact, and for a declaration of law that appellant is entitled to judgment. The same are not incorporated in the bill of exceptions.

There appears in the bill of exceptions the oral opinion of the court, which in part reads as follows:

"For these reasons I am compelled to make findings of fact and conclusions of law favorable to the defendant, and render a judgment for the defendant and against the plaintiff. Exceptions will be allowed.

"Mr. Hunt: Will your Honor make a specific denial and refusal to sign the findings of fact of the plaintiff?

"The Court: Yes, I will."

Thus it will be seen that the bill of exceptions contains a refusal to make the findings of fact requested by appellant, but does not disclose what findings were requested; and that the only exception taken was a general one.

By his assignments of error appellant charges that the court erred in making its findings of fact and conclusions of law and in entering judgment, because they are contrary to the evidence. Also that it erred in refusing to make the findings of fact and conclusions of law requested by appellant,

and, in general terms, that it erred in the admission of evidence on the cross-examination of certain witnesses.

The purported findings of fact and conclusions of law requested by the appellant are not before us, because they are not incorporated in the bill of exceptions. Davis v. United States (C. C. A. 10) 67 F.(2d) 737, decided November 27, 1933.

The sufficiency of the evidence to support the findings and the judgment is not before us because there was no motion for judgment, request for declaration of law, or other like motion which challenged the sufficiency of the evidence to support the findings and the judgment. The general exception was wholly insufficient to present that question. Greenway v. United States (C. C. A. 10) 67 F.(2d) 738, decided November 27, 1933, and cases there cited.

The assignment of error with respect to the admission of certain evidence does not comply with Rule 11 of this court, and for that reason will not be considered.

The judgment is affirmed.