**UNITED STATES v. BLUMENTHAL.**
No. 1121.

Circuit Court of Appeals, Tenth Circuit.
April 22, 1935.

William C. Lewis, U. S. Atty., and Daniel Dillon, Atty. for Bureau of War Risk Litigation, both of Oklahoma City, Okl., and Will C. Beardslee, Director for Bureau of War Risk Litigation, and Armistead L. Boothe, Atty. for Department of Justice, both of Washington, D. C., for the United States.

Tom. W. Garrett, of Oklahoma City, Okl., for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

This is a war risk insurance case. In a trial without the intervention of a jury, the appellee, plaintiff in the court below, recovered judgment, from which the government appeals.

Difficulty is encountered in finding a way to consider the case upon its merits, on account of the condition of the record on appeal. 28 USCA § 875 (R. S. § 700) provides: "When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment.".

Under this provision, exceptions, in order to be entitled to review, must be presented by a bill of exceptions, except as to special findings, when the reviewing court may consider the sufficiency of the facts found to support the judgment. The record here discloses that the defendant made a request for special findings of fact and conclusions of law, which were refused by the trial court and exceptions allowed. But while this appears to be a.part of the record in the court below, it is not incorporated in the bill of exceptions. This court is therefore foreclosed from considering any error upon the record so presented. In Greenway v. United States, 67 F.(2d) 738, 739 (C. C. A. 10), the specific question here involved is decided. At page 739 the court says: "In the record proper there appears a purported request of appellant for special findings of fact and conclusions of law, but these are not incorporated in the bill of exceptions, and may not be considered here. Davis v. United States (C. C. A. 10) 67 F.(2d) 737."

It appears that a motion for judgment in favor of the government is carried in the bill of exceptions, but no exception was reserved to the overruling of the motion, and a general exception carried in the judgment does not suffice. Greenway v. United States, supra.

Inasmuch as the trial court made special findings in the case at bar, under section 875, supra, a review by this court may extend to an examination of the sufficiency of the facts found to support the judgment rendered. The trial court found specially that the insurance was in force; that a claim for the same was duly filed; that a disagreement existed between the plaintiff and defendant at and before the time of filing the suit; that the insured was suffering from an impairment of body and mind, making it impossible for him to follow continuously any substantially gainful occupation on the 1st day of October, 1931, and was so disabled up to and including the date of the trial; and that the plaintiff was entitled to judgment. These findings clearly support the judgment.

But if it should be assumed that the motion for a judgment, together with the exceptions thereto, was properly presented for review by the record, the determination of this court is limited to the ascertainment of whether or not there is substantial evidence to support the finding of the trial court, and if so supported, the finding will not be disturbed on appeal. United States v. Fitzpatrick, 62 F.(2d) 562 (C. C. A. 10), and cases there cited; Exchange Trust Co. v. Capitol Life Ins. Co. (C. C. A.) 49 F.(2d) 133, and cases there cited.

The suit is upon a reinstated policy which had previously expired, in which a lien for some $600 was reserved to the government, with compound interest. The reinstated policy was issued in 1927, and the insured claimed a total and permanent disability under it on and after September, 1929. The case of the plaintiff is based principally upon the testimony of the plaintiff himself and that of one Dr. West, who examined him at various times in 1929, 1931, and 1933. The predominating element of

his disability occurred through an elevator accident in 1929 in which he suffered a fracture of the right hip, and from which he never recovered. He was likewise afflicted with an arrested case of tuberculosis which contributed to his general physical condition, tending to make it unsafe for him to undergo an operation advocated by the medical profession as necessary for a cure of his hip ailment. In the opinion of Dr. West, it would have been hazardous and futile for the insured to have submitted himself to an operation which others not so afflicted with tuberculosis might safely undertake. The continued physical disability of the insured is further shown by his frequent confinement in government hospitals. The evidence of the doctors for the defendant did not vary greatly from that of the doctor on the plaintiff's side, except that there was some dispute as to whether or not the plaintiff might with a reasonable degree of safety, in the condition of his general health, submit to an operation on his hip. In this view the trial court was at liberty to accept the testimony of one medical expert as against another. The work record of the plaintiff was not impressive as suggesting an insurmountable obstacle to a judgment recovery. After the injury to plaintiff, his employment consisted chiefly of work in the county clerk's office, where it was impossible in the performance of his duties to sit at a desk for any substantial length of time on account of his hip injury. He afterward ran for office and was defeated, and contributed some personal effort in trying to bring about the election of a friend. This could not be considered as carrying on a substantially gainful occupation. United States v. Worsley (C. C. A.) 72 F.(2d) 776.

The medical experts were permitted to be asked and to answer the question as to whether in their opinion the plaintiff was totally and permanently disabled. In this class of cases counsel and the trial courts have indulged this line of examination for a considerable period of time without challenge as to its propriety. It has now been definitely ruled that this kind of testimony is not permissible. United States v. Steadman, 73 F.(2d) 706 (C. C. A. 10); United States v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. ——. In the latter case, 293 U. S. 498, at page 506, 55 S. Ct. 273, 276, 79 L. Ed. ——, the opinion reads: "The medical opinions that respondent became totally and permanently disabled before his policy lapsed are without weight. * * * Moreover, that question is not to be resolved by opinion evidence. It was the ultimate issue to be decided by the jury upon all the evidence in obedience to the judge's instructions as to the meaning of the crucial phrase and other questions of law. The experts ought not to have been asked or allowed to state their conclusions on the whole case."

This testimony must therefore be entirely disregarded, but enough remains to show that the findings of the trial court are supported by substantial evidence.

The judgment is affirmed.