## UNITED STATES v. WILSON.
### No. 1182.

Circuit Court of Appeals, Tenth Circuit.
June 25, 1935.

Randolph C. Shaw, Sp. Asst. to Atty. Gen. (Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

Harry L. Thomas, of Kansas City, Mo. (George E. Gard, of Kansas City, Kan., on the brief), for appellee.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

## McDERMOTT, Circuit Judge.

■ Appellee has a judgment on his war risk insurance policy. At the conclusion of the trial, appellant moved for judgment —there was no jury—on the single specific ground that the proof failed to show the requisite disability. The trial court, taking the other view of the case after ample deliberation, denied the motion and allowed an exception in the journal entry of judgment. The appeal was perfected, the only error assigned being to this action of the trial court. The bill of exceptions properly brought onto the record only the evidence bearing upon the exception reserved and the error assigned. There was thus presented the clear-cut question whether appellee had suffered a loss under his policy. But that single question of underlying merit has been now all but lost from sight in a fog of procedural perplexities with which the briefs and arguments have enveloped this case. If we are ever to reach the merits, the fog must first be penetrated.

■ Appellant seeks a reversal because the bill of exceptions fails affirmatively to disclose that the action was not barred by the applicable statutè of limitations. 38 USCA § 445. That being true, the argument runs, jurisdiction is not disclosed and the question is one open for examination for the first time upon appeal. Appellee claims his policy matured in 1919. The suit was filed July 7, 1932, more than a year after the statute had run unless saved by the clause that time is tolled while the claim pends in the bureau. The date of rejection by the bureau appears in the bill of exceptions, but the date the claim was made does not. That critical date was in evidence before the trial court, the bill of exceptions reciting that Exhibit 1 is a folder of eleven letters covering the claim, denial, and related correspondence. No point of limitation being made either in the motion for judgment or the errors assigned, the bill of exceptions was not burdened with their contents. Upon oral argument in this court, it appeared that the letters were physically in the court room, and were examined by counsel for appellant. After that examination, he was candid enough to advise the court informally that the claim appeared to have been made in time to bring the case within the conditional consent conferred by the statute. But this action being at law, and the time for settling the bill of exceptions having long since expired, archaic procedure denies this court the power to look at the letters to ascertain the fact. Although no one denies that the proof in the trial court affirmatively discloses that the suit was filed in time, we must now determine whether the judgment shall be reversed in order that, after another trial, these letters may be included in the bill of exceptions so that this court may read copies instead of the originals.

■ Courts have no jurisdiction over the sovereign without its consent; where consent is given conditionally, the case must be brought within the terms of the condition to confer jurisdiction. Weaver v. United States (C. C. A. 4) 72 F.(2d) 20. But whether the condition has been complied with is a question of fact. If the claim here was filed on January 15, 1931, as disclosed by the documents in evidence

at the trial, there was jurisdiction. The petition, in general terms, alleged demand for payment from the bureau; no motion was made to require a more specific fixing of the date, as might have been done; sixteen months later—a delay entirely unaccounted for—an amended answer was filed, denying nothing but alleging that the claim was not filed until May 15, and the action was therefore barred. No reply was filed as contemplated by the Kansas statute, 60—717, Rev. St. 1923, when new matter is alleged in the answer. Appellant did not object to going to trial until a reply was filed, as it might have done, nor take any other steps to compel the joining of issue. By so doing, appellant waived the filing of a reply, the new matter being treated as denied. Cooper v. Davis Machine Co., 37 Kan. 231, 15 P. 235; Keply v. Carter, 49 Kan. 72, 30 P. 182; Chicago, R. I. & P. R. Co. v. Frazier, 66 Kan. 422, 71 P. 831.

■ When the case went to trial, therefore, issue was joined as to the time of filing the claim with the bureau and nothing else. Nevertheless, a two days trial was had very largely on the question of disability which was not in issue. At the close of plaintiff's case and again at the close of the trial, defendant apparently was satisfied with the documentary proof as to the point in issue under the pleadings—the date of filing the claim—for both motions for judgment raise the single question of disability which was not denied in the answer. Having pitched the motions on that ground, appellant cannot now assert a distinct ground therefor. New York Life Ins. Co. v. Doerksen (C. C. A. 10) 75 F. (2d) 96. When errors were assigned, again appellant did not raise the point. It is now too late. If error had been assigned thereon, or if the motions for judgment had been based thereon, the proof would have been before us. Where jurisdiction of the trial court depends upon the existence of a fact, that fact must be proven if put in issue by the pleadings; but if the losing party complains of error of the trial court with regard to that fact, such error must be preserved in the record below and assigned and specified as error here. United States v. Kiles (C. C. A. 8) 70 F.(2d) 880; United States v. Ellison (C. C. A. 4) 74 F. (2d) 864, 869; Vincent v. United States, 64 App. D. C. 178, 76 F.(2d) 428.

Coming at last to the merits, appellee asserts that our inquiry into the merits of the case is blocked because appellant did not see to it that its exception to the action of the trial court in overruling its motion for judgment was incorporated in the bill of exceptions instead of in the journal of the trial proceedings. Proper motion for judgment was made at the proper time. The court did not rule the motion at the trial, taking the case under advisement. A ruling cannot be excepted to until it is made. The ruling was made two months later, long after the parties and their respective counsel had gone their various ways. The record does not disclose that the parties were notified that a ruling would be made, and an opportunity thus afforded to travel to the court for the purpose of reserving the exception. Instead, there was entered on the journal of the court the ruling and exception thereto, which is in the record before us. We are now admonished that we are without power to determine whether there is substantial proof of disability because the exception appears over the signature of the judge on page 8 of the transcript instead of over his signature on page 36. Such seems to be the inflexible command of Congress, 28 US CA § 875, and the courts have followed its plain and rigid language. Wright v. United States (C. C. A. 10) 75 F.(2d) 358. And, it may again be noted, the amended answer did not take issue with the fact of disability alleged in the petition.

■ Nevertheless, and perhaps without right, we have examined carefully the proof and have satisfied ourselves that the evidence presented a substantial issue of fact for decision on the trial. Appellee was injured in the hip in November, 1917, and taken immediately to the hospital. He was discharged March 19, 1919, and during the intervening months did not do a day's duty. He was operated on five times and spent 185 days straight in a hospital bed without ever putting a foot to the floor. After the army had exhausted its medical resources in an effort to alleviate his condition, he was discharged on a surgeon's certificate of disability reciting "Diagnosis: Ankylosis of right hip joint. Prognosis: Unfavorable for further improvement." He has been in almost constant pain ever since; the government undertook to train him for a vocation, but abandoned the effort. Since then he has pottered around at one job after another, most of them trifling, but has never been able to work with substantial continuity, although he made repeated efforts so to do. He can neither

stand nor sit for more than a little while at a time, but must take a semireclining position which the trial court observed and this court has not. His educational facilities are limited, and the briefs do not suggest any available employment for one of his attainments who must take such a posture. There is conflicting testimony which would have supported a judgment for defendant; the long delay in filing suit, not explained, bears strongly against the claim. Such delay is a circumstance to be weighed in the balance by the trier of the facts, and presumably the trial court accorded it due consideration; the delay which operates as a legal bar is that fixed by Congress in the cited statute, and the time fixed therein had not elapsed when this action was brought.

The judgment is affirmed.