## JOHNSON v. FIRST NAT. BANK & TRUST CO. OF TULSA, OKL.

### No. 1214.

Circuit Court of Appeals, Tenth Circuit.
June 26, 1935.

F. H. Reily and Joe H. Reily, both of Shawnee, Okl., for appellant.

J. C. Pinkerton, Hess Crossland, I. J. Underwood, and O. L. Lupardus, all of Tulsa, Okl., for appellee.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Johnson, as receiver of the Shawnee National Bank, brought this action at law against the First National Bank & Trust Company to recover $4,908.68 with interest. Trial by jury was duly waived. The cause was submitted upon certain oral testimony, documentary evidence, and an agreed statement of evidentiary, as distinguished from ultimate, facts.

On November 13, 1934, the trial court filed a written opinion in which it concluded that the plaintiff was entitled to recover $4,908.68 less an offset of $2,216.89. On December 3, 1934, it entered a judgment in which it found that the plaintiff was entitled to recover $4,908.68 less an offset of $2,217.09, and adjudged that the plaintiff recover from the defendant $2,691.79 without interest. The judgment contains a general exception.

The answer properly pleaded facts which if true entitled the defendant to the offset.

Whether the plaintiff was entitled to a judgment awarding him the full amount of his claim and denying the offset as a matter of law, was not presented to the trial court by request for declarations of law, motion for judgment or other like motion, and the court's ruling on that question of law was not invoked.

The bill of exceptions contains no ruling made during the progress of the trial, and no exception to any action of the court.

A general exception to the judgment is insufficient to present for review the question of the sufficiency of the evidence to support the findings and judgment in a jury-waived case. Kolton v. United States (C. C. A. 10) 67 F.(2d) 741.

We may not review the sufficiency of the agreed facts to support the judgment because there was other evidence oral and documentary, and the agreed statement was of the evidentiary not the ultimate facts. White v. United States (C. C. A. 10) 48 F.(2d) 178; Kansas City Life Ins. Co. v. Shirk (C. C. A. 10) 50 F.(2d) 1046, 1048, 1049; Wilson v. Merchants' L. & T. Co., 183 U. S. 121, 127, 22 S. Ct. 55, 46 L. Ed. 113; United States Trust Co. v. New Mexico, 183 U. S. 535, 540, 22 S. Ct. 172, 46 L. Ed. 315; Raimond v. Terrebonne Parish, 132 U. S. 192, 194, 10 S. Ct. 57, 33 L. Ed. 309.

It follows that our review is limited to matters appearing on the record proper. White v. United States, supra; Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Greenway v. United States (C. C. A. 10) 67 F.(2d) 738; McPherson v. Cement Gun Co. (C. C. A. 10) 59 F.(2d) 889.

Since the pleadings and findings of the trial court support the judgment, it must be affirmed.