**WALL et al. v. UNITED STATES.**

No. 1597.

Circuit Court of Appeals, Tenth Circuit.
June 20, 1938.

Frank C. Wade, of Terre Haute, Ind. (H. F. Hudson, of Wichita, Kan., on the brief), for appellant.

Thomas E. Walsh, of Washington, D. C. (Summerfield S. Alexander, U. S. Atty. and R. T. McCluggage, Asst. U. S. Atty., both of Topeka, Kan., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., on the brief), for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This is an action upon a contract of war risk insurance. The insured was inducted into the military service on June 25, 1918; was discharged on January 20, 1919; and died in 1930. The policy lapsed for nonpayment of premium on March 1, 1919, unless the insured became totally and permanently disabled prior to that time. Plaintiff is the beneficiary named in the policy and the administratrix of the estate of the deceased. She alleged that he became totally and permanently disabled on or about January 1, 1919, while the policy was in force and effect. Disability was denied. Trial by jury was waived and the cause submitted to the court. The government prevailed and plaintiff appealed.

The sufficiency of the evidence to sustain the finding for the government is challenged. The argument is that plaintiff was entitled to a finding of total and permanent disability while the contract of insurance was in force, and to a judgment in her favor. The court made a general finding for the government. Special find-

ings were not requested or made. This being an action at law in which trial by jury was waived, the general finding is equivalent to a verdict; and the questions open to review on appeal are limited to errors of law. Whether plaintiff was entitled to a finding and judgment was a question of law to be presented to the trial court by an appropriate request for a declaration of law or motion for judgment in her favor. She did not make such a request or motion in any form at any time. Failure to do so forecloses consideration of the contention now advanced. White v. United States, 10 Cir., 48 F.2d 178; McPherson v. Cement Gun Co., 10 Cir., 59 F.2d 889; Kentz v. Mosher, 10 Cir., 62 F.2d 827; Davis v. United States, 10 Cir., 67 F.2d 737; Greenway v. United States, 10 Cir., 67 F.2d 738; Kolton v. United States, 10 Cir., 67 F.2d 741; Neugen v. Associated Chautauqua Co., 10 Cir., 70 F. 2d 605; Shira v. New York Life Ins. Co., 10 Cir., 90 F.2d 953.

The failure to submit the request or make the motion is conceded, but plaintiff urges that it was not necessary for the reason that the court sustained the motion of the government for judgment in its favor on the ground that there was no substantial evidence showing that the insured became totally and permanently disabled while the policy was in force, and that in the circumstances the submission of the request and motion on her part would have been an empty gesture not required by law. The government interposed its motion at the time plaintiff rested her case in chief, but no action was taken upon it. It then introduced its evidence, and renewed the motion at the conclusion of all the evidence, but the bill of exceptions fails to disclose any action upon it. It is recited in the bill of exceptions immediately after the motion was renewed that the court found "under all the evidence and circumstances in this case, without going into details and without going over them, I don't see how plaintiff can sustain this action. Judgment will be for the defendant and you will be allowed your exceptions." The judgment expressly recites that at the close of all the evidence the court overruled the motion of the government made at the time plaintiff rested, and the motion made at the close of all the evidence; and that the court then found the issues in favor of the government. The approval of both parties in respect to form is appended to the judgment. The correctness of the recital in the judgment is controverted, and affidavits of counsel are submitted in which it is stated that the court in fact sustained the motion of the government for judgment in its favor. The clear and definite recitation in the judgment that the court overruled both motions and then made a general finding for the government is conclusive and cannot be overcome by statements or affidavits of counsel. Bank of Waterproof v. Fidelity & Deposit Co., 5 Cir., 299 F. 478; Humphreys Gold Corporation v. Lewis, 9 Cir., 90 F.2d 896; Murphy v. Moseley, Tex.Civ.App., 11 S.W.2d 234; Commissioners' Court v. Kaiser, Tex. Civ.App., 23 S.W.2d 840; Rothschild Bros. Hat Co. v. Rolnick Bros., Tex.Civ.App., 26 S.W.2d 430; Gilmore v. Imperial Life Ins. Co., 199 N.C. 632, 155 S.E. 566; Brown v. Sutton, 158 Miss. 73, 120 So. 820.

The judgment concludes with a general exception on the part of plaintiff; but that is not enough to preserve for review the question of the sufficiency of the evidence to support the general finding for the government. Greenway v. United States, supra; Kolton v. United States, supra; United States v. Blumenthal, 10 Cir., 77 F.2d 219; Johnson v. First National Bank & Trust Co. of Tulsa, Oklahoma, 10 Cir., 78 F.2d 535.

Complaint is made that the court erred in admitting in evidence a statement contained in the record of the Veterans Administration that the insured was leaving the hospital at Fort Lyons, Colorado, against medical advice, also statements made in the report of a physical examination conducted on January 3, 1929, concerning the return of the insured after discharge to work as a teamster, the length of time he was employed in that capacity, and the manner in which the work affected him. The determinative issue of fact at the trial was whether the insured became totally and permanently disabled before March 1, 1919. All of the evidence was directed to that question. Expert and nonexpert witnesses testified, and there was a sharp conflict in the evidence relating to the issue. Conceding, without deciding, that the evidence in question was inadmissible, there is nothing in the record to indicate even remotely that the court took it into consideration in deciding the case. In an action tried with-

out a jury, it will be presumed on appeal that the court considered only competent evidence and disregarded that which was incompetent. Anderson v. United States, 8 Cir., 65 F.2d 870; Wade v. Blieden, 8 Cir., 86 F.2d 75; United States v. National Bank of Commerce of Seattle, 9 Cir., 73 F.2d 721.

The judgment is affirmed.