**MOSES v. HUDSPETH, Warden.**

**No. 2521.**

Circuit Court of Appeals, Tenth Circuit.

June 18, 1942.

Kenneth Jepson, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is a proceeding in habeas corpus. Petitioner and another were indicted on two counts in the United States Court for Northern Ohio; the first count charged that they robbed the custodian of a United States Postal Station at Cleveland, Ohio, of certain money order funds and certain stamp funds belonging to the United States, and that in effecting such robbery they put the life of the custodian in jeopardy by the use of dangerous weapons; and the second count charged that they assaulted the custodian in charge of the funds, with the intent to rob, steal and purloin the property; petitioner pleaded guilty to both counts and was sentenced to a term of twenty-five years in the penitentiary; commitment issued; and petitioner was delivered to the warden of the penitentiary at Leavenworth, Kansas, for service of the sentence. By this proceeding in habeas corpus petitioner sought to effect his discharge from further confinement. The trial court denied the petition for the writ, and petitioner appealed.

As we understand the petition, it challenges in general language the legal sufficiency of the indictment in the criminal case. Each count of the indictment undertook to charge a separate offense under section 197 of the Criminal Code, 18 U.S.C.A. § 320. Where, as here, an indictment undertakes to charge a federal offense and the court has jurisdiction of the subject matter of such offense and of the person of the accused, the legal sufficiency of the indictment is not open to challenge in a proceeding in habeas corpus after conviction and sentence. Knight v. Hudspeth, 10 Cir., 112 F.2d 137, certiorari denied 311 U.S. 681, 61 S.Ct. 62, 85 L.Ed. 439.

It is urged that the sentence in the criminal case is void for the reason that petitioner was denied the assistance of counsel in that case. It is trite to say that the Sixth Amendment guarantees to one accused of an offense against the laws of the United States the assistance of counsel in his defense but that such right may be waived, provided it is done intelligently and understandingly; that the judgment and sentence in a criminal case bears the presumption of validity; that it is not to be lightly set aside on collateral attack in a habeas corpus proceeding on the ground that the accused was wrongfully denied the aid of counsel; and that in a case of this kind the petitioner must carry the heavy burden of affirmatively showing that his right to the assistance of counsel was denied him. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Here petitioner failed to discharge that burden. The court below expressly found that before the plea of guilty was entered the court there inquired whether petitioner desired counsel to represent him; that he replied in the negative; that he was fully informed respecting the nature of the charges against him; that he freely, voluntarily, intelligently and competently entered his plea of guilty; and that none of his constitutional rights was denied him. These findings are abundantly supported by substantial evidence and therefore they must stand on appeal.

The further contention is that an ex parte affidavit of the United States Attorney at Cleveland was improvidently admitted in evidence. The parties stipulated that the depositions of the United States Judge at Cleveland, an Assistant United States Attorney, a former Assistant United States Attorney, a deputy clerk, and others there should be taken. They were taken and introduced in evidence. The stipulation did not make any reference to the taking of the deposition of the United States Attorney, but it was taken along with the others and was introduced in evidence. Issues of fact in a case of this kind cannot be established by ex parte affidavits. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830. But the evidence in question was not in that form.

No objection was interposed to the introduction of the deposition, the findings of fact are amply supported by other evidence, and there is no indication that the court took the challenged evidence into consideration in deciding the case. In the absence of an affirmative showing otherwise, it will be presumed on appeal in a case tried without a jury that the court considered only competent evidence and disregarded that which was incompetent. Jonah v. Armstrong, 10 Cir., 52 F.2d 343; Elliott v. Gordon, 10 Cir., 70 F.2d 9; Wall v. United States, 10 Cir., 97 F.2d 672, certiorari denied 305 U.S. 632, 59 S.Ct. 104, 83 L.Ed. 405; Hedrick v. Perry, 10 Cir., 102 F.2d 802; Seber v. Thomas, 10 Cir., 108 F.2d 856.

Petitioner testified at length, and four other inmates of the penitentiary testified in his behalf. When three of the witnesses took the stand the court advised them that if they committed perjury they would be subject to prosecution. Complaint is made that the court should not have advised or admonished the witnesses in that manner. It is enough to say that apparently the witnesses gave all the testimony petitioner expected to elicit from them, and there is not the slightest indication that the admonition coerced, intimidated, or otherwise influenced them in the giving of their testimony. Manifestly the action of the court did not adversely affect any right of petitioner.

Affirmed.