## MOSES v. UNITED STATES.
## No. 10113.

Circuit Court of Appeals, Sixth Circuit.

Dec. 12, 1945.

No appearance for appellant.

Frank E. Steel, of Cleveland, Ohio (Don C. Miller and Frank E. Steel, both of Cleveland, Ohio, on the brief), for appellee.

Before ALLEN and MARTIN, Circuit Judges, and PICARD, District Judge.

PER CURIAM.

Joseph E. Moses, now serving a sentence of twenty-five years' imprisonment on a plea of guilty to violation of U.S.C., Title 18, Section 320, 18 U.S.C.A. § 320, appeals from the denial by the District Court of his motion to vacate judgment and sentence, and from the denial of his alternative petition for writ of habeas corpus ad testificandum.

Since his commitment, the appellant prisoner has applied in two jurisdictions other than the United States District Court for the Northern District of Ohio, where he was sentenced on guilty plea, for writs of habeas corpus, raising in each instance substantially the same issues as are presented on this appeal. When confined in the United States Penitentiary at Leavenworth, Kansas, he applied for a writ of habeas corpus in the District of Kansas, where his petition was denied, and on appeal the Court of Appeals for the Tenth Circuit affirmed the denial. Moses v. Hudspeth, Warden, 10 Cir., 129 F.2d 279. Petition for certiorari was denied by the Supreme Court. The opinion of the Circuit Court of Appeals declares that the depositions of the sentencing judge, two assistant United States Attorneys, and the deputy court clerk, had been received in evidence.

The opinion asserts [129 F.2d at page 280]: "The court below expressly found that before the plea of guilty was entered the court there inquired whether petitioner desired counsel to represent him; that he replied in the negative; that he was fully informed respecting the nature of the charges against him; that he freely, voluntarily, intelligently and competently entered his plea of guilty; and that none of his constitutional rights was denied him. These

findings are abundantly supported by substantial evidence and therefore they must stand on appeal."

After his removal to the United States Penitentiary at Alcatraz, California, appellant filed, in the United States District Court for Northern California, a similar application for the writ of habeas corpus, which was likewise denied in that jurisdiction.

Nothing adding strength to petitioner's grounds for seeking relief from his judgment and sentence of conviction not heretofore presented in the two previous proceedings is adduced in the instant case. The indictment to which he pleaded guilty clearly charges facts constituting a violation of Title 18, Section 320, United States Code, 18 U.S.C.A. § 320. No merit inheres in the motion of the appellant made in the instant case. He has already had the full benefit of a fair consideration of and adjudication upon the issues raised, and the opportunity of introducing evidence; and this court is in accord with the adjudications made on his previous applications.

Accordingly, the judgment of the District Court is affirmed.