OWEN GRATTAN v. PRUDENTIAL INSURANCE COMPANY OF AMERICA. [1]

July 13, 1906.

Nos. 14,805—(194).

**Life Insurance—Due Date of Premiums.**

A policy of life insurance provided that the premiums should be paid annually on the first day of June. It also provided that one month's grace would be allowed the insured within which to make the same, and that the policy would be continued in force during that time, and, further, that notwithstanding a failure on the part of the insured to pay the premium when due, the insurance would be continued for the period of sixty days from the "due date of the premium as specified on the first page of the policy." The due date there specified was June 1. *Held*, that the sixty-day period commenced to run from that date, not from the expiration of the thirty days' grace allowed on each payment.

Appeal by plaintiff from an order of the district court for Ramsey county, Hallam, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

[1] Reported in 108 N. W. 821.

*Frederick N. Dickson,* for appellant.
*Durment & Moore,* for respondent.

BROWN, J.

Action to recover upon a policy of life insurance, in which defendant had a verdict, and plaintiff appealed from an order denying his alternative motion for judgment notwithstanding the verdict, or for a new trial.

The facts in this case are as follows: On June 1, 1904, defendant insurance company· issued its policy of insurance to one Owen A. Grattan, by which the life of the said Grattan was insured for the sum of $2,000, in consideration of the payment by him of annual premiums on June 1 of each succeeding year. The first premium was, paid, and the policy delivered to the insured, on June 15, 1904. The insured died on August 23, 1905, no premium subsequent to the first having been paid by him, as required by the terms of the policy.

It is contended by plaintiff, administrator of the estate of the deceased, that the policy was in full force and effect at the time of the death of the insured, notwithstanding no premium other than the first had been paid. Whether this position is tenable depends on the construction of the various provisions of the policy. On the first page of the policy the essential elements of the contract of insurance are stated, viz., that the life of Owen A. Grattan was insured in the sum of $2,000, payable at death to his executors, administrators, or assigns, in consideration of the payment by him of an annual premium of $36.48 on June 1, in each year during the continuance of the policy. Numerous provisions, conditions, and special privileges are contained and set forth on the second and third pages of the policy, among others,. that a grace of one month is allowed for the payment of any premium under the policy, except the first, and during that time it is provided the policy shall remain in force. One of the special privileges specified· on the second page is as follows:

> If this policy after being in force one full year shall lapse for nonpayment of premium the company will continue in force the ·insurance under the policy a period of sixty days from the due date of such premium, as specified on the first page hereof..

It is contended by appellant that under these two provisions the policy was continued in force, notwithstanding the failure of the insured to pay the second annual premium on June 1, 1905, when it was due, for the full period of ninety days from that date; hence that it was a valid existing contract at the time of the death of the insured. It is urged in support of this view that by a fair construction of these provisions of the policy the due date of the premium was July 1 of each year, instead of June 1; that inasmuch as one month's grace was granted for the payment of each premium, the premium did not become due until the expiration of that month, which would be July 1; and that the terms of that portion of the policy above quoted, continuing the insurance in force for the period of sixty days, became operative from that date, and therefore the policy was in full force on September 1, 1905.

We are unable to concur in this view of the case. The due date of the premiums, as specified on the first page of the policy, was June 1 of each year, and the policy expressly provided that all premiums should be paid in advance. The mere fact that the terms of the policy extended to the insured thirty days' grace in which to make the annual payments did not change, in any fair view of the contract, the "due date" of payment. On the contrary, it is clear that by the explicit language above quoted the parties intended that the sixty-day period should commence to run from the date specifically named on the first page for the payment of the annual premiums, namely, June 1 of each year. Any other construction would do violence to the plain unambiguous language which, beyond question, the parties used for the purpose of removing the matter from conjecture and doubt. The policy is explicit that the period of sixty days shall commence to run from the "due date of the premium, as specified on the first page hereof," and the date there specified was June 1. The suggestion of counsel that the policy is ambiguous and likely to mislead policy holders is without force. The position is forceful only as made so by ingenious counsel. The point that the second annual premium was not due until June 1, 1906, is not seriously urged, and is without special merit.

Though the motion of plaintiff was in the alternative for judgment notwithstanding the verdict or for a new trial, the right of plaintiff to

final judgment is the only question here involved, on which our con-- clusions are in harmony with those reached by the trial court, and the order appealed from is affirmed.

JAGGARD, J., dissents.