IDA L. CADY, APPELLEE, v. TRAVELERS INSURANCE COMPANY, APPELLANT.

FILED MAY 17, 1913. No. 17,202.

1. **Insurance**: ACTION ON POLICY: WAIVER: EVIDENCE. Where the question of a waiver of the conditions of a policy of life insurance by letters notifying the assured of a default in the payment of a past-due premium is submitted to the jury, the insurer is entitled to introduce in evidence the whole of the correspondence between the parties, and it is error to exclude any part of it which shows the construction of the policy agreed upon by both parties to the contract.

2. **Contracts**: CONSTRUCTION: INTERPRETATION BY PARTIES. The practical interpretation given their contracts by the parties to them while they are engaged in their performance, and before any controversy has arisen concerning them, is one of the best indications of their true intent, and the courts will ordinarily enforce such construction.

3. **Insurance**: PREMIUMS: NOTICE OF DEFAULT: EFFECT. A notice sent by an agent of a life insurance company to the assured that the premium on his policy of insurance is past due and unpaid, with a request for its payment, without more, payment being refused, did not change the terms of the contract with respect to the date of its conversion into a paid-up policy of term insurance.

4. ———: LAPSE OF POLICY. Where the contract for paid-up term insurance is plain and unambiguous, and the parties have agreed

as to the date when the policy will lapse, if the death of the assured occurs subsequent to that date no recovery can be had upon the policy.

5. **Appeal:** REFUSAL TO DIRECT VERDICT. Where, under the law and the evidence, the plaintiff is not entitled to recover, it is error for the trial court to refuse to direct a verdict for the defendant.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed and dismissed.*

*Greene & Breckenridge,* for appellant.

*T. J. Mahoney* and *Gurley & Woodrough, contra.*

BARNES, J.

Action on a policy of life insurance. A trial in the district court for Douglas county resulted in a verdict and judgment for the plaintiff, and the defendant has appealed.

It appears that, by the policy in question, defendant insured the life of Henry F. Cady for the sum of $25,000, payable at his death to his wife, who brings this action. The policy was issued on the 24th day of April, 1893, for the consideration of the application and the payment of an annual premium of $465.25, payable in advance on the 21st day of April of each year during the life of the assured. The contract was not to take effect until and unless the first premium was paid while the assured was in good health. The policy further provided that, in case of default in the payment of a premium, after the third, the contract should remain in force for the terms specified in the table of paid-up term insurance, indorsed thereon. There was also given the assured the option, upon certain conditions, to take the paid-up value of the policy in money, due him at the time of the default, or to consider the policy as converted into paid-up term insurance for the time designated in the table above mentioned. All provisions of the policy which are not involved in this controversy are omitted from this opinion. It is agreed

by the parties that the assured paid nine annual premiums, and then declined to make any further payments; that he failed and refused to pay the premium due on the 21st day of April, 1902, and by the terms of the policy he was then entitled to a paid-up term of insurance for seven years and eight months from the date of his default, and if he should thereafter make no other payments upon the policy his term insurance would lapse on the 21st day of December, 1909. The assured refused to make any additional payments, and departed this life on the 24th day of January, 1910. Suit was brought on the policy by the beneficiary, on the theory that the defendant, by sending certain notices to the assured that he was in default of the payment of his annual premium, due April 21, 1902, and requesting its payment, extended the life provision of the policy to June 23, 1902, at which time the term insurance began to run, and therefore the death of Henry F. Cady occurred before, and not after, his term insurance had expired. The trial court adopted the plaintiff's theory of the case, instructed the jury accordingly, and the plaintiff had the verdict and judgment.

Defendant assigns error for excluding from the evidence the letters of the assured in which he notified the defendant of his refusal to pay the premium due on the 21st day of April, 1902, and in which he declared his option to claim paid-up term insurance for seven years and eight months from that date, as indicating the construction of the contract by both the assured and the defendant; and for the refusal of the trial court to direct a verdict for the defendant. The foregoing assignments present the only questions which are necessary for us to determine upon this appeal.

1. In disposing of defendant's first contention, it is sufficient to say that it appears that the trial court received in evidence the letters of the defendant company by which the assured was notified of his default in the payment of his annual premium due on the 21st day of April, 1902, and in which its payment was requested, but excluded the

letter of the assured by which he expressly refused to make the payment, notified defendant of his election to consider his policy converted into term insurance, and stated his understanding of the contract to be that he was entitled to paid-up insurance for a term of seven years and eight months from April 21, 1902. It appears that in reply to this letter defendant assented to that arrangement, and informed the assured that his understanding of the contract was correct. If the effect of this correspondence was to be submitted to the jury as showing a waiver of the terms of the policy, it was error to exclude any part of it. In *Manhattan Life Ins. Co. v. Wright*, 126 Fed. 82, the court said: "The practical interpretation given to their contracts by the parties to them while they are engaged in their performance, and before any controversy has arisen concerning them, is one of the best indications of their true intent, and courts that adopt and enforce such a construction are not likely to commit serious error." This rule was followed in *Johnson v. Mutual Benefit Life Ins. Co.*, 143 Fed. 950. The rule seems to be well settled that where the parties have acted upon and construed a contract, in the absence of any mistake or misunderstanding between them, the court will enforce such contract as so interpreted. *Jobst v. Hayden Bros.*, 84 Neb. 735. To our minds it seems clear that, if the plaintiff was to rely upon any part of the correspondence between the assured and the defendant, then the jury should have been given the whole of that correspondence, and this assignment of error is well founded.

2. As we view the record, there is no dispute in relation to the facts of this case, therefore the court should determine the main question, and finally dispose of this action, thus preventing further litigation.

It is plaintiff's contention that the defendant waived the conditions of the contract, extended the time for payment, and thereby changed the time from that fixed by the terms of the policy itself to another date at which the term insurance in question commenced to run, by the no-

tices of default and request for payment of the past-due premium above mentioned.

In *Parker v. Knights Templars & Masons Life Indemnity Co.*, 70 Neb. 268, it was held: "A permanent waiver of a condition in a policy of insurance would not be inferred from occasional indulgences shown a policy holder. No implication of a waiver of the terms of a contract can arise from acts which may be construed as a compliance with such terms."

In *Driscoll v. Modern Brotherhood of America*, 77 Neb. 282, it was said: "A waiver of a condition will not be implied from an act not inconsistent with an intention to insist upon performance."

In *Sharpe v. New York Life Ins. Co.*, 5 Neb. (Unof.) 278, it was held that the giving of a note extending the time for the payment of a past-due premium, which contained an agreement providing for the forfeiture of the rights of the assured if the note was not paid at maturity, default having been made in such payment, did not operate as a waiver of the terms of the policy providing for forfeiture in case of nonpayment of premiums. We think this rule is sustained by the great weight of authority in this country. *Thompson v. Insurance Co.*, 104 U. S. 252; *Nederland Life Ins. Co. v. Meinert*, 199 U. S. 171.

In *Stephenson v. Empire Life Ins. Co.*, 76 S. E. (Ga.) 592, the question of the effect of a request for the payment of a past-due premium was before the court. In that case the life insurance policy contained a stipulation that if any premium is not paid on or before the day it is due, or if any note or obligation that may be accepted by the company for the whole or any part of the first or any subsequent premium, or any other payment under this policy, be dishonored or not paid, on or before the day when due, this policy shall, without any affirmative act on the part of the company, or any of its officers or agents, be annulled and void, except as herein provided. It was held that a failure to pay a note for a portion of the first annual premium when the note became due worked a for-

feiture of the policy, and that the condition of the policy was not waived by a demand made by the insured after maturity of the note for its payment, the assured having refused such payment.

Upon this question we are not without authority of our own. In *Swett v. Antelope County Farmers Mutual Ins. Co.*, 91 Neb. 561, it was held that making a demand for a payment by a mutual insurance company of an assessment upon a policy of insurance, subsequent to a loss under such policy, will not be held to be a waiver of its terms, in the absence of a plea and proof of payment by the assured of such assessment.

*Schmedding v. Northern Assurance Co.*, 170 Mich. 528, was a case where an insured, upon giving his notes for his annual premium when it became due, was granted an extension of several months, and then failed to pay the notes at maturity. His policy lapsed and became void at once. The statute provided that every insurance policy should contain a provision giving the insured one month of grace for the payment of every premium after the first year, and the policy conformed to the statute. It was held that the facts in connection with the statute did not entitle the insured to two periods of grace.

As we view the facts of this case, the defendant's request for the payment of the past-due premium, not complied with, but, on the other hand, which was positively refused, did not have the effect to change the conditions of the policy; and the term insurance provided for thereby commenced to run on the 21st day of April, 1902, and expired by lapse of time on the 21st day of December, 1909. *Johnson v. Mutual Benefit Life Ins. Co.*, 143 Fed. 950; *Roehner v. Knickerbocker Life Ins. Co.*, 63 N. Y. 167; *Wilkie v. New York Mutual Life Ins. Co.*, 146 N. Car. 513, 60 S. E. 427; *Grattan v. Prudential Ins. Co.*, 98 Minn. 491; *Rye v. New York Life Ins. Co.*, 88 Neb. 707; *McLaughlin v. Equitable Life Assurance Society*, 38 Neb. 725.

It is contended, however, that the understanding and the acts of the assured and the defendant could not in any

manner affect the rights of the plaintiff, who was the beneficiary named in the policy, which had become fixed by the terms of the contract. As we view the record, this contention is without merit. Under the terms of the contract itself, the assured was entitled to paid-up term insurance for seven years and eight months, in consideration of the premiums that had been paid by him before his default occurred, and the beneficiary was entitled to the same and no greater right. We have seen that the notification that the assured was in default of payment of the premium due on the 21st day of April, 1902, and the request for payment did not change the terms of the policy. Its terms were plain and unambiguous, and were understood alike by both the defendant and the assured. By no act of the defendant or of the assured were the rights of the beneficiary changed; and, the term insurance to which they were alike entitled having lapsed before the death of the assured, there was, at his death, nothing due to his beneficiary.

As we view the case, we are constrained by the authorities to hold that it was error for the district court to refuse the defendant's request for a directed verdict.

The judgment of the trial court is reversed; and, as there can be no recovery in this case, the plaintiff's action is dismissed.

REVERSED AND DISMISSED.

HAMER, J., not sitting.