## JOYNER v. JEFFERSON STANDARD LIFE INS. CO.[*]
### No. 6319.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1931.

S. F. Memory, of Blackshear, Ga., Larry E. Pedrick and Leon A. Wilson, both of Waycross, Ga., for appellant.

Grover Middlebrooks, of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an action on a life insurance policy, which was dismissed on demurrer on the ground that the policy had lapsed· for the nonpayment of premium. The policy was issued March 5, 1922. The annual premium was $277, though the insured had the right to pay it in quarterly installments of $73.40; but the payment of any installment did not continue the policy in force beyond the due date of the next installment. The premiums were paid for seven years. The last payment was of a quarterly installment due on March 5, 1929. The insured died on August 26, of that year. The policy contained pro-

visions to the following effect: The insured had the right to borrow on the sole security of the policy at 6 per cent. per annum the cash value available at the end of the then current year, the amount of the loan to be deducted from the cash surrender value. He also had the right within sixty days from the date of nonpayment of any premium after the third to receive the guaranteed value in cash, less any indebtedness, in paid-up insurance, or in extended insurance.. At the end of the first year and annually thereafter the policy while in force was entitled to share in dividends apportioned from the surplus which the insured at his option was entitled to receive in cash, but only upon the payment of the next succeeding premium. If the insured did not elect within sixty days from date of default in the payment of any premium to accept one of the guaranteed values, in cash, paid-up insurance, or extended insurance, the company would charge the unpaid premium as a loan against the cash value available at the end of the policy year for which premiums had been fully paid and continue the policy in force the same as if the premiums had been paid, provided the cash value less existing indebtedness with accrued interest was sufficient to pay a full annual premium or an installment. If the cash value available were less than sufficient to pay a quarterly installment, it was to be used to extend the life of the policy for that portion of a year that it might bear to the full annual premium. In the payment of any premium except the first, a grace period of one month was allowed, subject to an interest charge. On January 26, 1929, the insured signed a loan agreement which on its face showed that he had received $720 which was the full loan value of the policy, and that he had paid interest in advance at the rate of 5.66 per cent. per annum up until March 5, 1930. The loan with accrued interest could be repaid at any time.

Appellant's petition proceeds upon two theories. The first is that the insurance company should have applied the sum of the unearned interest, which was paid in advance, and three-fourths of the annual divided to the payment of the quarterly premium which became due on June 5, 1929, and, if it had done this, that sum would have been sufficient to keep the policy in force beyond the date of the death of the insured. The unearned interest, assuming it should have been so applied, amounted to $22.72, and the amount of dividend.alleged to be applicable was $38.40. The amount necessary

*Rehearing denied January 9, 1932.

to extend the premium to August 26, when the insured died, was $62.32. The accrued interest was not enough to pay the premium up to the date of the death of the insured, nor would it have been quite enough if the dividend had been added, either with or without deducting interest on the premium during the grace period. No amount on account of dividend can be taken into consideration, for the reason that dividends were payable only upon payment of the next succeeding premium. Dividends were not payable for any year or part thereof for which premiums remained unpaid. The second contention is that the period of election did not expire until sixty days after the expiration of the grace period. It is thereupon argued that, the insured having died within such sixty-day period without making an election as between the guaranteed values, it became the duty of the insurance company to apply the unearned interest toward extending the insurance, and that, if it had been so applied, the policy would have been kept in force beyond the date of the death of the insured.

The period of election above referred to expired sixty days after June 5, 1929, the date upon which the premium was due. That time was not extended by the grace period. It is true, of course, that, if the premium and interest thereon had been paid during the grace period the policy would have been kept in force, but, upon failure to make such payment within that period, the policy became forfeited as of the date the premium was due; for the payment of any installment did not continue the policy in force beyond the due date of the next installment, and the nonforfeiture provisions begin to run "from the date of non-payment of any premium." There was thus fixed a definite date of payment. That the end of the grace period was not intended to be the date of nonpayment is clearly indicated by the provision requiring interest to be paid on a premium during that period. Prudential Life Ins. Co. v. Devoe, 98 Md. 584, 56 A. 809, relied on by appellant is not in point, for there the sixty days began to run from the date of lapse. The extended insurance provision is not applicable, for the reason that, upon the failure of the insured during his life to make election within sixty days from the date the last premium was due, the insurance company had the right to charge unpaid premiums as a loan against the cash value of the policy. The conclusion is that there was no clause of the policy which had the effect of keeping it in force until the death of the insured. The judgment is affirmed.