## JONES v. JEFFERSON STANDARD LIFE INS. CO.[*]

### No. 7640.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1935.

R. Douglas Feagin and J. E. Feagin, both of Macon, Ga., for appellant.

Grover Middlebrooks, of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The court sustained a demurrer to appellant's petition in a suit on a policy of insurance on the life of her deceased husband, and dismissed the suit; the grounds stated in the demurrer being: (1) That plaintiff's petition sets forth no cause of

action against the defendant; and (2) that plaintiff's petition shows on its face that the policy of insurance sued on had lapsed prior to the date of the insured's death on April 22, 1934, because of the nonpayment of the second premium on said policy, which fell due on February 27, 1934, and that, therefore, at the time of the death of the insured, said policy was not in force or effect, and had no value whatsoever.

Copies of the policy sued on and of the application in pursuance of which it was issued were made exhibits to the petition and parts thereof. The insured's application was made and dated May 12, 1933. That application correctly disclosed insured's age, stating that he was born on August 18, 1897, and the answer to the question "Nearest birthday. Age," being, "35." To the question contained in the application, "State here 'any special feature desired, such as dating of policy, short term, premium, of time settlements, etc.," the answer was, "Date Policy Feby. 17, 1933. Age 35." Allegations of the petition showed the following: The policy sued on was delivered to the insured on June 20, 1933, at which time the insured paid the first year's premium, $54.78. The insured died on or about April 22, 1934. The insured notified the defendant (appellee) by letter dated March 20, 1934, that he had paid the last premium June 20, and that the next premium was not due until June 20, 1934. The petition alleged: "The defendant did not answer this letter, and acquiesced in same." The policy sued on contains the following:

"This insurance is granted in consideration of the application for this policy and of Fifty-Four and 78/100 Dollars, being the premium for the term of the first policy year, and the payment of a like sum to the said Company on each anniversary of the date of this policy as shown below. * * *

"In Witness Whereof, the Jefferson Standard Life Insurance Company has caused this contract to be signed by its President and its Secretary, at its home Office in the City of Greensboro, N. C., on this the 17th day of February, One Thousand Nine Hundred and Thirty Three, referred to above as the date of this policy." (The just set out provision is the concluding clause of the body of the policy).

. "In the payment of any premium under this policy, or installment thereof provided herein, except the first, a grace of one month (not less than thirty days) will be

allowed, subject to an interest charge of six per cent. * * *

"This policy does not take effect until the first annual premium, or installment thereof, shall have been actually paid during the lifetime and good health of the Insured. Subsequent premiums are payable in advance to the Company at its home office, but may be paid to an authorized agent in exchange for an official receipt signed by the Secretary and countersigned by the agent. * * *

"In case of default in the payment of any premium, or installment of premium, or notice given for any renewal premium or portion thereof, this policy shall cease and determine and the payment received hereon shall become the property of the Company, except as specified on the second page hereof. The insurance provided for in this policy is based upon the payment of premium annually in advance. * * *

"The Company will admit age upon satisfactory proof; otherwise if age is not truly stated in the application, the benefits hereunder will be what the premiums actually paid would have purchased at the true age."

A paper containing the following was attached to the policy at the time it was delivered to the insured:

"The premiums hereunder shall be payable annually as provided on the first page hereof, and the policy shall take effect upon payment of the first annual premium if paid during the lifetime and good health of the Insured. Receipt is hereby acknowledged of the first annual premium.

"Jefferson Standard Life Insurance Company."

The petition asserted the claim that the payment by the insured of $54.78 on June 20, 1933, the date the policy was delivered, had the effect of keeping the policy in force for a period ending later than the date of the insured's death, April 22, 1934.

For support of the claim asserted, counsel for appellant invokes the provision of the policy as to its not taking effect until the first annual premium, or installment thereof, shall have been actually paid during the lifetime and good health of the insured. The circumstances attending the payment by the insured of $54.78 make it quite plain that what both the insured and the insurer intended to become effective upon the making and acceptance of that payment was the policy of insurance dated February 27, 1933, which, under its terms, by the payment of $54.78 would be kept in force until the expiration of the prescribed grace period beginning upon the expiration of "the first policy year," which the policy showed began at the date referred to in the policy as the date thereof. By requesting that the policy applied for be dated February 17, 1933, nearly three months prior to the time his application was made and dated, the insured manifested his desire to get a policy calling for a lower premium than would have been called for by a policy under which the annual premiums subsequent to the first one would be payable on anniversaries of the date of the policy taking effect upon the payment of the first premium. The conduct of the insured at and prior to the time of his payment of the premium indicates the absence of his consent to accept a policy calling for the payment of higher annual premiums. At the date selected by the insured, February 27, 1933, the insured's age, determined by the date of his nearest birthday, was 35 years, and his age at the date of the application and at the date of the payment of $54.78 was 36 years. By express language contained in the policy, the stated annual premiums subsequent to the first one were payable on each anniversary of the date of the policy stated therein, February 17, 1933, and the above-quoted provisions of the policy fairly negative the conclusion the payment of $54.78 on June 20, 1933, had, or was intended to have, the effect of keeping the policy in force beyond the expiration of the grace period allowed for the payment of the second annual premium. It is well settled that the date mentioned in the policy for the payment of premiums governs, though that date is anterior to the time when the policy became effective upon the payment and acceptance of the first premium. McCampbell v. New York Life Ins. Co., Inc. (C. C. A.) 288 F. 465; Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Sellars v. Continental Life Ins. Co. (C. C. A.) 30 F. (2d) 42; Travelers Ins. Co. v. Wolfe (C. C. A.) 78 F.(2d) 78. The petition's allegations of fact do not show that, in the absence of the payment of any premiums subsequent to the initial one, the insurer consented to the policy remaining in force after the expiration of the stated grace period immediately following the expiration of "the first policy year." In the absence a different result being brought about by

642

fraud or misrepresentation chargeable against a party to the contract, where a policy of insurance shows, as the one under consideration does, the dates when premiums subsequent to the first one · become payable and the period during which the policy is kept in force by the payment of a premium, it is not permissible to base the determination of those matters upon evidence as to the time when the policy became effective by the payment and acceptance of the initial premium.

In behalf of the appellant it was contended that the claim asserted by the petition was supported by the decision in the case of McMaster v. New York Life Insurance Co., 183 U. S. 25, 22 S. Ct. 10, 46 L. Ed. 64. The facts of the cited case are so variant from those of the instant one that the decision in the former cannot properly be accepted as a guide in the disposition of the latter. The evidence in the cited case showed that the insurer's agent who took the insured's application, without the knowledge or assent of the insured, inserted in the application the words, "Please date the policy the same as application"; that at the time the application was made the insurer's agent stated to the applicant that the policy applied for would not be subject to forfeiture until thirteen months had elapsed since the last payment of the annual premium; and that when the insurer's agent took the policies, dated the same as the application, to the insured, the agent told the insured that the policies were as represented and would insure the insured for thirteen months, whereupon the insured paid the agent the full first annual premiums on each of the policies, and, without reading the policies, accepted them and put them away. In the instant case the policy sued on was dated as requested by the insured himself, and it was not made to appear that anything occurred at or prior to the time the policy sued on was delivered upon the payment of the first premium whereby the insured was misled as to the meaning or effect of the policy, or which indicated that either party to the contract understood or believed that the payment of that premium would have the effect of keeping the policy in force for thirteen months or for a period expiring later than April 22, 1934, the date of the insured's death. In the cited case, evidence as to the insurer's agent misleading the insured as to the meaning and effect of the policies delivered constituted a material element of the case.

No such feature is present in the instant case.

It appearing from the allegations of the petition that the policy sued on had lapsed prior to the date of the ·insured's death, the above-mentioned ruling was not erroneous.

The judgment is affirmed.