## SHIRA et al. v. NEW YORK LIFE INS. CO.

No. 2136.

District Court, N. D. Oklahoma.

June 9, 1936.

Roddie & Beckett, of Oklahoma City, Okl., for plaintiff.

Wilson & Wilson, of Oklahoma City, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

The defendant issued a policy of insurance on the life of Samuel F. Shira for $10,000 in consideration of a quarterly premium of $78.40. The policy was dated January 7, 1930, and delivered and the first quarterly premium collected on or about January 16, 1930. The assured died August 19, 1933, and the beneficiary has brought this action to recover on the policy.

The policy contained a provision, as follows: "This Policy takes effect as of the Second day of January, Nineteen Hundred and Thirty, which day is the anniversary of the Policy." The assured also signed a separate written instrument in which he acknowledged that the policy was to take effect as of January 2, 1930. The quarterly premium was paid for 3¼ years, the last payment of premium being made on January 2, 1933. On February 18, 1933, the assured contracted an indebtedness to the defendant on the security of the policy in the sum of $274.83, giving a "Premium Lien Note" on that date for said amount. The quarterly premium due on April 2, 1933, was not paid on said date, nor was it paid within the period of grace fixed by the policy and the Oklahoma statute. Thereupon, the defendant charged the amount of indebtedness evidenced by the note and a small sum as additional interest, against the reserve value of the policy, and converted the balance of the reserve into temporary paid-up insurance, which, under defendant's computation, gave the assured a paid-up policy in the amount of $9,724, for 113 days, or until July 24, 1933. The defendant claims it had the right to take this action by reason of the following provision of the policy:

"Surrender Values.—In event of default in payment of premium after three full years' premiums have been paid, the following benefits shall apply:

"(a) Temporary Insurance.—Insurance for the face of the policy plus any dividend additions and any dividend deposits and less the amount of any indebtedness hereon, shall, upon expiry of the period of grace, be continued automatically as Temporary Insurance as from the date of default of such term as the Cash Surrender Value less any indebtedness hereon will purchase as a net single premium at the attained age of the Insured, according to the American experience table of mortality and interest at 3 per cent. This Temporary Insurance will be without participation in surplus."

Consequently, the defendant asserts that the term of the temporary insurance having expired prior to the death of assured, which occurred on August 19, 1933, the beneficiary can take nothing by her action.

■ Plaintiff contends that the policy must be considered as taking effect on the date of its delivery, or in any event not earlier than its date of issuance. Assuming plaintiff's contention is correct as to either of said dates, the testimony of her actuary witness was to the effect that the reserve, after the deduction of the indebtedness and accrued interest, was sufficient to carry the temporary insurance beyond the date of assured's death. But plaintiff's position in this respect cannot be sustained. It is competent for the parties to a life insurance contract to agree upon dates of policy and of premium payments. It is clear that assured and defendant agreed that this policy should take effect January 2, 1930, and the quarterly premiums should be payable at three months' intervals successively thereafter. The ruling precedents are plain. New York Life Ins. Co. v. Tolbert (C.C.A.10) 55 F.(2d) 10; Mutual Life Ins. Co. v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; Badgett v. Oklahoma Life Ins. Co. (Okl.Sup.) 54 P.(2d) 1059.

■ The policy contained the following clause: "Whenever the total indebtedness to the Company on said policy, however evidenced, shall equal its Cash Surrender value then in the event of failure to pay interest thereon, said Company shall mail to the last known address of the insured, and of the assignee of record at the Home Office of the Company, if any, a notice that the total indebtedness to the Company on said policy equals its Cash Surrender Value, and thereupon said policy shall, one month after the mailing of said notice by the Company, and without any other or further notice or action of any kind, be void and of no effect. Unless said defaulted interest shall be paid within one month after the mailing of said notice, and whenever said policy so becomes void and of no effect, all said indebtedness to the Company shall be deemed fully paid and satisfied." Plaintiff asserts

that because of this provision the defendant, notwithstanding the nonpayment of the premium due April 2, 1930, was not entitled to void the policy without giving assured one month's notice. According to controlling authority, there is no merit in this contention. Where the insurer declares a policy lapsed because of failure to pay premium due, such a clause is not applicable. Bach v. Western States Life Ins. Co. (C.C.A.10) 51 F.(2d) 191; General American Life Ins. Co. v. Brown (Okl.Sup.) 56 P.(2d) 809.

Plaintiff further contends that defendant was not warranted, under the terms of the policy, in beginning the period of extended insurance at April 2, 1933, the defaulted premium due date, but that same should have been calculated from the expiration of the period of grace allowed by the policy in which premiums might be paid. The policy contained the following pertinent provisions:

"(a) Temporary Insurance—Insurance for the face of the Policy plus any dividend additions and any dividend deposits and less the amount of any indebtedness hereon, shall, upon expiry of the period of grace, be continued automatically as Temporary Insurance as from the date of default for such term as the Cash Surrender Value less any indebtedness hereon will purchase as a net single premium at the attained age of the Insured, according to the American experience table of mortality and interest at 3 per cent. This Temporary Insurance will be without participation in surplus."

"Grace—If any premium is not paid on or before the day it falls due the policyholder is in default; but a grace of one month (not less than thirty days) will be allowed for the payment of every premium after the first, during which time the insurance continues in force. If death occurs within the period of grace the overdue premium will be deducted from the amount payable hereunder."

A proper construction of these provisions denies plaintiff's contention, as it is clear that the "date of default" from which the extended insurance is to be computed is the date of default in the payment of the premium, which in this case was April 2, 1933. Therefore, defendant made the proper computation. Lipman v. Equitable Life Assurance Society of U. S. (C.C.A.4) 58 F.(2d) 15; Joyner v. Jefferson Standard Life Ins. Co. (C.C.A.5)

*Decree reversed 85 F.(2d) 537.

53 F.(2d) 745; Bankers' Life Co. v. Burns (C.C.A.5) 30 F.(2d) 327.

Having decided against plaintiff's contentions above stated, there is nothing else in the case which needs discussion, and judgment must be for the defendant.

It is so ordered.