## SHIRA et al. v. NEW YORK LIFE INS. CO.

### No. 1534.

Circuit Court of Appeals, Tenth Circuit.

June 15, 1937.

Rehearing Denied Aug. 18, 1937.

Ruben M. Roddie, of Oklahoma City, Okl. (A. L. Beckett, of Oklahoma City, Okl., on the brief), for appellants.

W. F. Wilson, of Oklahoma City, Okl. (W. F. Wilson, Jr., of Oklahoma City, Okl., and Louis H. Cooke, of New York City, on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Gladys D. Shira, individually and as administratrix with the will annexed of the estate of Samuel F. Shira, brought this action against the New York Life Insurance Company on a policy of life insurance issued on the life of Samuel F. Shira.

Trial by jury was duly waived and the cause tried to the court. From a judgment for the Life Insurance Company, plaintiffs have appealed.

At the close of the evidence, the court made a general finding in favor of the Insurance Company. The plaintiffs did not request a declaration of law that they were entitled to judgment, move for judgment in their favor as a matter of law, or by other like motion, raise the question that they were entitled to judgment as a matter of law. We are therefore limited on this review to questions of law presented on the record proper. White v. U. S. (C. C.A.10) 48 F.(2d) 178; Johnson v. First National Bank & Trust Co. (C.C.A.10) 78 F.(2d) 535; Greenway v. U. S. (C.C.A.10) 67 F.(2d) 738.

The amended petition alleged these facts: On January 17, 1930, the Insurance Company issued to the insured its policy of insurance on his life in the sum of $10,000.00 payable to Gladys D. Shira, his wife, as beneficiary.

Thereafter insured entered into a life insurance trust agreement with the Exchange Trust Company of Tulsa, Oklahoma, which made the Trust Company trustee of the insured for the use and benefit of the beneficiaries named in the policy. The beneficiary in the policy was changed to the Trust Company as trustee. Thereafter, Gladys D. Shira was appointed as successor trustee under the trust agreement. Under the terms of the policy, the premium was payable quarterly. Premiums were paid up to and including the premium due January 7, 1933. A copy of the policy and the application was attached to the petition and by reference made a part thereof. The insured died testate on August 19, 1933. Gladys D. Shira was appointed administratrix of his estate with the will annexed.

In its answer, the Insurance Company admitted that the policy was issued on January 7, 1930, and that the copy of the policy attached to the amended petition was a true and correct copy thereof. It alleged that the insured paid the premiums up to and including January 2, 1933; that the Insurance Company made advances to the insured from time to time on premium lien notes to pay the premiums which became due on the policy; that on February 18, 1933, insured executed and delivered to the Insurance Company, his premium lien note in the sum of $274.83; that such note was given in payment of a previous existing lien note and the quarterly premium due January 2, 1933. The premium lien note of February 18, 1933, in part, reads as follows:

"3. Whenever the total indebtedness to the Company on said policy, however evidenced, shall equal its Cash Surrender Value then in the event of failure to pay interest thereon, said Company shall mail to the last known address of the insured, and of the assignee of record at the Home Office of the Company, if any, a notice that the total indebtedness to the company on said policy equals its Cash Surrender Value, and thereupon said policy shall, one month after the mailing of said notice by the company, and without any other or further notice or action of any kind, be void and of no effect, unless said defaulted interest shall be paid within one month after the mailing of said notice, and whenever said policy so becomes void and of no effect, all said indebtedness to the Company shall be deemed fully paid and satisfied."

The Insurance Company in its answer further alleged that the next quarterly premium of $78.40 became due and payable on April 2, 1933; that the same was not paid when due or within the grace period allowed by the policy and that because of the non-payment thereof, the premium lien note and interest thereon became due; that upon the non-payment of such premium, the policy was automatically converted into temporary insurance on the life of the insured in the sum of $9,723.00 for a period of time expiring July 21, 1933, which was the amount of insurance the cash surrender value of the policy, less the amount of principal and interest due on the premium lien note, would purchase according to the American experience table of mortality; that the insured did not, during his lifetime nor within three months after such default in payment of the premium surrender the policy and elect in place of such temporary insurance to have the policy indorsed for the amount of participating paid-up insurance which the cash surrender value, at date of default less any indebtedness thereon, would purchase as a net single premium at the attained age of the insured at the date of default according to the American experience table of mortality and interest at 3 per cent. The answer admitted that the insured died on August 19, 1933, but alleged that the policy had theretofore expired.

The trial court overruled a demurrer to the answer.

In their reply the plaintiffs alleged that the temporary insurance dated from the date of the expiration of the period of grace and not from the date the premium became due; that notice was not given of default in the premium lien note either as provided therein or in the provision of the policy respecting policy loans; that the insured died within the period of temporary insurance properly computed.

The facts are these:

On October 28, 1929, the insured made written application to the Insurance Company for a seven year term policy of life insurance with disability and double indemnity benefits.

The application contained the following condition:

"That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon

paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination."

It requested that the policy be issued as of September 18, 1929.

The Insurance Company was unwilling to issue the term policy. It sent to its agent two policies for $10,000.00 and $5,000.00 respectively. The insured refused to accept them. One for $10,000.00 was returned to the Insurance Company for reissue.

On January 7, 1930, insured executed an amendment to the application which stated that the policy should take effect as of January 2, 1930.

The policy sued on was dated January 7, 1930. It was delivered to insured on January 16, 1930. Insured paid the first quarterly premium on that date. It contained these provisions:

"This contract is made in consideration of the application therefore and of the payment in advance of the sum of $78.40, the receipt of which is hereby acknowledged, constituting the first premium and maintaining this Policy for the period terminating on the second day of April, Nineteen Hundred and Thirty, and of a like sum on said date and every three calendar months thereafter during the life of the Insured. * * *

"This Policy takes effect as of the second day of January, Nineteen Hundred and Thirty, which day is the anniversary of the Policy. * * *

"In witness whereof the New York Life Insurance Company has caused this contract to be signed this seventh day of January, Nineteen Hundred and Thirty."

It provided a grace period of thirty days after default for payment of any premium after the first.

It provided that after three full years' premiums had been paid, the Insurance Company would advance to the insured on the sole security of the policy any amount which, with interest, was not in excess of the cash surrender value; that failure to repay such indebtedness or interest thereon should not void the policy but whenever the amount of the total indebtedness should equal the cash surrender value, the policy should become void one month after the

Company had mailed notice to the last known address of the insured.

It further provided:

"In event of default in payment of premium after three full years' premiums have been paid, the following benefits shall apply:

"(a) Temporary Insurance—Insurance for the face of the Policy plus any dividend additions and any dividend deposits and less the amount of any indebtedness hereon, shall, upon expiry of the period of grace, be continued automatically as Temporary Insurance as from the date of default for such term as the Cash Surrender Value less any indebtedness hereon will purchase as a net single premium at the attained age of the Insured, according to the American experience table of mortality and interest at 3 per cent."

It further · provided that the insured might within three months after such default surrender the policy and elect in place of such temporary insurance a paid up policy for the amount which the cash surrender value, less any indebtedness, would purchase at the attained age of the insured on the date of default according to the American experience table of mortality.

Insured failed to pay the premium due April 2, 1933. He died August 19, 1933.

The trial court held that the temporary insurance expired July 24, 1933 and entered a judgment dismissing the petition. (D.C.) 15 F.Supp. 259. Plaintiffs have appealed.

■■■ Counsel for plaintiffs contend that the condition in the application above quoted is in conflict with the provision of the policy that it should take effect as of the 2nd day of January, 1930 and that the provision in the application should prevail. He asserts the effective date of the policy was either January 16, 1930, the date of delivery or January 7, 1930, the date of the policy. The provision in the application does not fix the effective date of the insurance contract. It simply imposes a condition precedent to the taking effect of the insurance coverage.[1] Furthermore, by an amendment to the application executed January 7th, the insured agreed that the insurance should take effect as of January 2, 1930. The language of the policy

---

[1] Hurt v. New York Life Insurance Co. (C.C.A.10) 51 F.(2d) 936; New York Life Insurance Co. v. Tolbert (C.C. A.10) 55 F.(2d) 10, 12, certiorari denied, 285 U.S. 551, 52 S.Ct. 407, 76 L.Ed. 941.

fixing the anniversary date and the date the policy should take effect is clear and unambiguous. Furthermore, the contract expressly provided that the initial premium would cover a period terminating on April 2, 1930 and that the insured should pay a like premium every three calendar months thereafter to maintain the policy. It is competent for parties to a life insurance contract to make such stipulations with reference to the effective date of the policy, the period which the initial premium payment shall cover and the times when the future premiums shall become due and such stipulations are binding on the parties.[2] The condition in the application and the provision in the policy proper as to its effective date are not in conflict. When read together, they mean that the insurance coverage shall only take effect in the event the conditions specified in the application are fulfilled, and then as of January 2, 1930. Travelers Ins. Co. v. Wolfe (C.C.A.6) 78 F.(2d) 78, 80, certiorari denied 296 U.S. 635, 56 S.Ct. 158, 80 L.Ed. 452. We conclude therefore that the insured defaulted in the payment of a quarterly premium due on April 2, 1933.

█ Plaintiffs further contend that the period of temporary insurance ran from the expiration of the grace period. The policy expressly provides:

"If any premium is not paid on or before the day it falls due the policy holder is in default; but a grace of one month (not less than thirty days) will be allowed for the payment of every premium after the first, during which time the insurance continues in force. If death occurs within the period of grace the overdue premium will be deducted from the amount payable hereunder."

Thus, it will be seen that the policy holder was in default if he failed to pay the premium when due but that he had a grace period of thirty days within which to cure the default. It was not contemplated that he should receive free insurance for thirty days, because in the event of his death within that period, the premium was to be deducted from the amount payable on the policy.

The policy expressly provided that the temporary insurance should run from the date of default, that is, from the date the premium fell due. To compute the temporary insurance period otherwise would give the insured thirty days free insurance. Clearly that was not contemplated. The authorities support this conclusion.[3]

We conclude that the temporary insurance was properly computed by the Insurance Company.

█ Plaintiffs further contend that the Insurance Company was not entitled to apply the temporary insurance provision without giving the notice provided in the lien note and the provision of the policy respecting loans.

The action of the Insurance Company was not predicated upon default in payment of the loan but upon default in payment of premium and no notice was necessary.[4] The default in the payment of the premiums, upon the expiration of the grace, by the express terms of the policy, automatically put the temporary insurance in force.

[2] New York Life Insurance Co. v. Tolbert (C.C.A.10) 55 F.(2d) 10, 12; Mutual Life Insurance Co. of N. Y. v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; Badgett v. Oklahoma Life Ins. Co., 176 Okl. 86, 54 P.(2d) 1059; Whitney v. Union Central Life Ins. Co. (C.C.A.8) 47 F.(2d) 861, 864; Sellars v. Continental Life Ins. Co. (C.C.A.4) 30 F.(2d) 42, 45; Subar v. New York Life Ins. Co. (C.C.A.6) 60 F.(2d) 239; Jones v. Jefferson Standard Life Ins. Co. (C.C.A.5) 79 F.(2d) 640, 641, certiorari denied 296 U.S. 646, 56 S.Ct. 310, 80 L.Ed. 459; Trapp v. Metropolitan Life Ins. Co. (C.C.A.8) 70 F. (2d) 976; New York Life Ins. Co. v. Silverstein (C.C.A.8) 53 F.(2d) 986, 989; Harvey v. Union Central Life Ins. Co. (C.C.A.4) 45 F.(2d) 78, 81; Union Central Life Ins. Co. v. Matthew (C.C.A.9)

33 F.(2d) 899; Swayze v. Mutual Life Ins. Co. (D.C.Kan.) 32 F.(2d) 784, 787, 788.

[3] Lipman v. Equitable Life Assurance Society (C.C.A.4) 58 F.(2d) 15; Joyner v. Jefferson Standard Life Insurance Co. (C.C.A.5) 53 F.(2d) 745; Bankers' Life Co. v. Burns (C.C.A.5) 30 F. (2d) 327; Ratliff v. Kentucky Home Mut. Life Ins. Co. (C.C.A.5) 87 F.(2d) 965; Hutchinson v. National Life Ins. Co., 196 Mo.App. 510, 195 S.W. 66; Wilkie v. New York Mut. Life Ins. Co., 146 N.C. 513, 60 S.E. 427; Grattan v. Prudential Ins. Co., 98 Minn. 491, 108 N.W. 821.

[4] Bach v. Western States Life Insurance Co. (C.C.A.10) 51 F.(2d) 191; General American Life Insurance Co. v. Brown, 176 Okl. 500, 56 P.(2d) 809.

This automatic provision was for the protection of the insured.

We conclude the insurance terminated prior to the death of insured and the judgment is therefore affirmed.