MYLES *v.* NATIONAL LIFE & ACCIDENT INSURANCE CO.

No. 39473 February 14, 1955 77 So. 2d 815

*John E. Perkins,* Natchez, for appellant.

*Laub, Adams, Forman & Truly,* Natchez, for appellees.

ROBERDS, P. J.

On July 8, 1946, appellee issued to Frank C. Evans a life insurance policy in the sum of $500.00, appellant being the beneficiary therein. Evans departed this life May 12, 1953. Default was made in payment of the weekly premium due June 26, 1950, and no premium was paid thereafter. The issue herein is whether the policy was in effect the day of the death of the insured by virtue of the extended insurance provision therein. The Insurance Company, in its brief, states the question in this language: "Appellant contends that the period of extended insurance began on June 27, 1950, and was in force until May 12, 1953. Appellee contends that the term of extended insurance began June 26, 1950, and expired prior to May 12, 1953, the date of the death of the insured." Specifically, the answer depends upon whether the extended insurance began to run on June 26th or on June 27, 1950. The extended insurance provision of the policy reads: "NON-FORFEITURE BENEFITS—Extended Insurance—In event this policy lapses after payments have been paid for the respective periods shown in the table on the following page, the Amount of Insurance shall be automatically continued in force as Extended Insurance for the term specified in such table. The term of Extended Insurance shall commence on the due date of the first premium in default."

■■ ■ Appellant urges that June 26th, the date of default, should be excluded and the seventh day thereafter included, which would result in the insurance being in force the day of the death of the insured. The policy expressly states the premiums were to be paid weekly "on or before each Monday." It is clear the insurance was in force on July 8, 1946, the date of its issue. The premium was paid that day and the policy expressly states it was in force that day. That day was Monday and the premiums were due to be paid weekly "on or before each Monday." Two Mondays could not be included, else insured would have one day free insurance. The first premium default was on Monday, June 26th, when the premium was not paid. It will be noted that the Extended Insurance commences "on" the due date of the first premium in default—not *from* such date. No statute is involved here. We are dealing with express provisions in the contract of insurance. The same method of calculation was involved in American National Bank v. Service Life Insurance Co., (Circuit Court of Appeals, Seventh Circuit), 120 F. 2d 579, certiorari denied, 314 U. S. 654. That court said: "A determination of the question of whether or not the policy was effective on October 5, 1930, is determinative of the main issue presented. If the policy was in effect on October 5, 1930, as we believe that it was, then the first year of insurance expired at the end of the day of October 4, 1931, for if it did not thus expire the insured would have received more than one year's protection for one year's premium. Similarly, a determination of when the four years and four months period of extended insurance depends upon when such period began. If it began on October 5, 1934, as we believe it did, then it expired at the end of the day of February 4, 1939, and the policy was not in effect at the time of insured's death on February 5, 1939 * * *." The policy here is explicit that the extended insurance shall commence on the due

date of the first premium in default. The premium was due June 26, 1950, and default was made in payment that day, and the extended insurance started to run on that day, and, therefore, did not cover the date of the death of the insured.

 Appellant next says that if she is wrong in her method of calculation, as disclosed by the foregoing discussion, then that the extended insurance did not begin to run until the expiration of the grace period of twenty-eight days after default in premium payment on June 26, 1950, which extended period would include the date of the death of Evans. The grace period provision of the policy reads: "(3) GRACE PERIOD—A grace period of four weeks (twenty-eight days) will be granted for payment of premium and while no premium is in default more than four weeks, the policy shall continue in force. If death occurs within the grace period, any premium in default will be deducted from the amount of insurance payable." A number of courts have dealt with the stated contention. A summary of the holdings is given in 29 Am. Jur., p. 388, Section 470, in these words:

"The question has arisen in several cases as to whether, where the insured is entitled to a period of extended insurance under his policy, such period commences at the due date of the premium or at the date of expiration of the grace period for the payment of the premium. No general rule can be formulated governing the solution of the problem indicated, inasmuch as the policy provisions control in each instance, and are affected in some cases by applicable statutory provisions. In some cases, computation of the period of extension commencing from the date of default in the payment of premium has been held correct, and especially are the courts led to such a result where the period of extended insurance is expressed to run from the 'date of default.' Other cases involving particular policy provisions have arrived at the result that such extension period com-

mences at the end of the grace period, and this has been held to be the result where the policy provides that the extension period is to run from the 'date of the lapse' of the policy.''

Appleman, Insurance Law and Practice, Vol. 3, Section 1953, at p. 583, sums up the conclusions of the courts in these words: ''Where the policy specifically fixes the date from which extended insurance shall be calculated, such date has been permitted to prevail even though such is neither the policy date nor the date of delivery. Other cases, however, hold the policy date to be controlling, regardless of the fact that the policy may have been delivered and the first premium payment made subsequent thereto. Very closely akin to this is the rule that the extended insurance begins upon the anniversary of the date the policy came into force and effect, regardless of the time of payment of premiums. But the most general rule, contrary to this, seems to be that the extended insurance must be computed from the due date of the premium in default.''

We are not here confronted with variances in dates of delivery, premium payments, etc., mentioned by Appleman. In the case at bar there is no variance as to such dates. The premium was paid and the policy was delivered on the day of its date, and it expressly states it was in force and effect on that date.

In Chilimidos v. Metropolitan Life Insurance Co., (Mass.), 93 Fed. Supp., p. 50, the Court said: ''The first point upon which the parties disagree is the date when the premium in default became in fact in default. The plaintiff asserts that this critical date was immediately after the due date, February 14, 1948; the defendant, on the other hand, contends that the premium was not in default until the grace period allowed by the policy had expired. The latter contention must be rejected. While apparently there is no Massachusetts case in point, the question has arisen in other jurisdictions and the answer

has been quite generally given that the date of default is the date when the premium falls due, temporary insurance running from that date rather than from the date of expiration of the grace period.'' Citing many authorities.

In American Life Ins. Company v. Kidd, (Ark.), 204 S. W. 2d 788, the grace period included the date of death of the insured, and plaintiff contended that the expiration of that period controlled rather than the date of default in payment of premium. The court replied to the contention in these words: ''We think that a reading of all applicable phrases of the policy requires the construction that 'default' means a failure to pay premiums when due. To this default was added a grace period of 31 days. Nor are we left to speculate on construction in this respect. Section 13 of Privileges and Provisions expressly states that 'If any premium is not paid on or before the date it falls due, such premium is in default.' Payment might have been made within 31 days from the default period, but it was not.''

The Circuit Court of Appeals of the 10th Circuit, in Shira, et al. v. New York Life Insurance Company, 90 F. 2d 953, set out a clear analysis of the question in this language:

''Plaintiffs further contend that the period of temporary insurance ran from the expiration of the grace period. The policy expressly provides:

'' 'If any premium is not paid on or before the day it falls due the policy holder is in default; but a grace of one month (not less than thirty days) will be allowed for the payment of every premium after the first, during which time the insurance continues in force. If death occurs within the period of grace the overdue premium will be deducted from the amount payable hereunder.'

''Thus, it will be seen that the policy holder was in default if he failed to pay the premium when due but that he had a grace period of thirty days within which

to cure the default. It was not contemplated that he should receive free insurance for thirty days, because in the event of his death within that period, the premium was to be deducted from the amount payable on the policy.

"The policy expressly provided that the temporary insurance should run from the date of default, that is, from the date the premium fell due. To compute the temporary insurance period otherwise would give the insured thirty days free insurance. Clearly that was not contemplated. The authorities support this conclusion."

See also on this point American National Bank v. Service Life Ins. Company, supra, and Gratton v. Prudential Ins. Company, 98 Minn. 491, 108 N. W. 821, both holding that the date of default in premium payment is the beginning date of extended insurance under policies of the type here involved.

Appellant invokes the rule of construction that doubtful and ambiguous provisions of an insurance contract should be construed against the insurer. We heartily agree with the contention and the hardships of this case cause us to regret the rule is not applicable here. We cannot make, alter or change the contract under consideration, and since, in our view, the terms of the policy, as applied to the question being decided, are not ambiguous, we have no choice, regardless of our desire, but to recognize and enforce them. Berry v. Lamar Life Ins. Company, 165 Miss. 405, 142 So. 445, 145 So. 887; Lavender v. Volunteer State Life Ins. Company, 171 Miss. 169, 157 So. 101; Griffin v. Maryland Casualty Company, 213 Miss. 624, 57 So. 2d 486.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge, JJ.* concur.